THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL A. BURTON, Defendant-Appellant.

Second District   No. 82—1014

Opinion filed January 19, 1984.

Randy K. Johnson and John S. Biallas, both of St. Charles, and Miller, Feda & Barbosa, of Elgin, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:
In a bench trial, defendant, Michael A. Burton, was found guilty of two counts of indecent liberties with a child (Ill. Rev. Stat. 1981, ch. 38, pars. 11—4(a)(1) and 11—4(a)(3)) and found not guilty of rape

(Ill. Rev. Stat. 1981, ch. 38, par. 11—1). Judgment was entered on one count of indecent liberties with a child (Ill. Rev. Stat. 1981, ch. 38, par. 11—4(a)(1)), and defendant was sentenced to a four-year term of imprisonment.

Defendant raises two issues on appeal: (1) whether his statutory and constitutional right to trial by jury was denied where the record does not indicate that defendant expressly and knowingly waived his right to trial by jury; and (2) whether the trial court's refusal to grant probation was an abuse of discretion and a result of the court's failure to comply with sections 5—4—1(c) and 5—5—3.1(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—4—1(c) and 1005—5—3.1(b)).

At his arraignment on July 6, 1982, defendant was advised of his right to trial by jury and through counsel elected to stand on his right to a jury trial. On September 30, 1982, defendant's case was called, and the prosecutor indicated, in the presence of the defendant, that "it is scheduled today for a bench trial." Defendant's counsel then immediately replied "[t]hat is correct, Your Honor." The trial court denied a previously filed motion to dismiss, and the case proceeded to a bench trial. Following the finding of guilty on indecent liberties with a child, the defendant later filed a written motion for new trial specifying five grounds for a new trial which did not include the jury waiver issue. It was denied. On appeal defendant raises for the first time his argument that he did not expressly and knowingly waive his right to a jury trial. Primarily relying on the factual similarity of the instant case with *People v. French* (1980), 84 Ill. App. 3d 60, defendant contends the judgment below must be reversed and remanded for a new trial for the failure of the record to demonstrate a sufficient jury trial waiver.

The colloquy concerning a bench trial here in the presence of the defendant is similar to that in *French* which the appellate court held to be an insufficient record to show an intelligent and knowing waiver of the right to jury trial. However, the court in *French* did not discuss our supreme court's decision in *People v. Murrell* (1975), 60 Ill. 2d 287, which held that defense counsel's statement waiving the defendant's right to a jury trial in defendant's presence constitutes a valid jury waiver. (60 Ill. 2d 287, 290-92.) Although a personal waiver by the defendant is preferred, it is not constitutionally required, nor do the rules or statutes mandate it. (60 Ill. 2d 287, 291.) As in *Murrell*, defendant has not argued that he wanted or that he was deprived of a jury trial. Other appellate court decisions have held that a statement by defense counsel in the presence of defendant that a

bench trial is desired is a sufficient record of a jury waiver. (*People v. Hoover* (1980), 87 Ill. App. 3d 743; *People v. Thompson* (1976), 38 Ill. App. 3d 101; see also *People v. Rettig* (1980), 88 Ill. App. 3d 888; *People v. Hightower* (1979), 73 Ill. App. 3d 779; *People v. Lofton* (1976), 42 Ill. App. 3d 211, *rev'd on other grounds* (1977), 69 Ill. 2d 67; *People v. Jones* (1975), 28 Ill. App. 3d 175.) Following *Murrell* and the long line of similar appellate decisions, except for *French*, we conclude the record adequately supports a valid jury waiver. Nonetheless, we would expect a trial court to be more comprehensive in the jury waiver procedure. See ABA Standards, Trial by Jury, Standard 1.2(b) (1968).

The defendant contends the trial court abused its discretion in denying probation because (1) the court had stated defendant warranted probation, (2) the only harm caused to the victim was the harm inherent in the offense, and (3) the court failed to give adequate reasons for the sentence imposed as required by section 5—4—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(c)).

It is clear that the trial court's indication that the defendant warranted probation was stated in the context of defendant's good record "with the exception of this event." The court viewed the circumstances surrounding defendant's intercourse with the 13-year-old victim as a very serious offense. Thus, no error is seen in the court's comments or any abuse of sentencing discretion in this regard.

■ Citing *People v. Allen* (1981), 97 Ill. App. 3d 38, defendant maintains that the trial court's comments, that it considered this to be a serious crime and defendant took advantage of the naive complainant in her own home, constitute an improper aggravating factor since the described conduct is inherent in the very nature of the offense of indecent liberties with a child. Rather than an indication of an aggravating factor (see Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2), we consider the comments of the trial judge as a proper articulation of the particular facts of this offense upon which he determined the appropriate sentence. (See Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(c).) Here, the remarks of the trial judge about the nature of this particular offense, which included that the victim was a naive girl, that she was taken advantage of in her own home by a stranger and that she appeared to look only 13 years old, are all supported by the evidence and properly commented on by the court below. We find no error.

Finally, defendant's argument that the trial court failed to specify the reasons which led to his sentencing determination pursuant to sec-

tion 5—4—1(c) of the Unified Code of Corrections is waived on appeal for failure to request such a statement of reasons for the sentence in the court below. (*People v. Davis* (1982), 93 Ill. 2d 155.) Moreover, the trial court did adequately set forth in the record the basis for its sentencing determination.

■ Here, the defendant admitted intercourse with the 13-year-old victim, although he denied knowing she was that young. The evidence supports the trial judge's conclusion that defendant took advantage of a naive girl. The trial court found that the girl did look 13 years old. The record further reveals that she was slow mentally and physically, had a severe hearing problem, and suffered emotionally from this traumatic experience requiring psychiatric treatment. While the defendant had no prior criminal record and was eligible for probation, the difficult task of fashioning a sentence which would strike the appropriate balance between protection of society and rehabilitation of the offender is best left to the trial judge. (*People v. Cox* (1980), 82 Ill. 2d 268, 280.) After a careful review of the record, we cannot say the trial judge abused his broad discretion.

Affirmed.

LINDBERG and HOPF, JJ., concur.