THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DALE RAY TUCKER, Defendant-Appellant.

Second District No. 2—87—0887

Opinion filed May 11, 1989.—Rehearing denied June 19, 1989.

334

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

After a bench trial in November 1986, defendant, Dale Ray Tucker, was convicted of residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3). Defendant was sentenced to a four-year term of imprisonment. Defendant raises two issues on appeal: (1) whether defendant made a valid waiver of his right to a jury trial, and (2) whether the trial court erred in denying defendant's petition for treatment as a drug addict pursuant to sections 21 and 23 of the Alcoholism and Substance Abuse Act (the Act) (Ill. Rev. Stat. 1985, ch. 111½, pars. 6321, 6323) because the trial court mistakenly believed that defendant's offense was nonprobationable, thereby rendering defendant ineligible for treatment under the Act. We affirm on the first issue, reverse on the second issue, and remand the cause for resentencing.

The facts pertinent to the issues raised will be summarized as needed. Defendant contends for the first time on appeal that he did not understandably waive his right to a jury trial. No such error was raised in his motion for a new trial, and thus the issue has not been properly preserved for review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) Nevertheless, we will briefly consider the issue because it can be easily resolved.

The record in this case indicates that the case was set for a bench trial on November 3, 1986, and that a jury waiver was to be taken on that date. The record of the proceedings on that date reveals that the trial court asked, "Jury trial?" and defense counsel replied, "No. Bench." The record is otherwise silent as to whether the trial court ever admonished defendant of his right to a jury trial. While it is generally understood that a jury waiver must be knowingly

and understandingly made, that determination cannot rest on any precise formula and necessarily turns on the facts of each case. (*People v. Frey* (1984), 103 Ill. 2d 327, 332, 469 N.E.2d 195.) While it is preferable for the court to advise the defendant of his right to a trial by jury before accepting a waiver, this is not constitutionally required to effectuate a valid waiver. *People v. Murrell* (1975), 60 Ill. 2d 287, 291, 326 N.E.2d 762; accord *Frey*, 103 Ill. 2d 327, 469 N.E.2d 195.

■ It is now well established that a waiver of a jury trial is valid when made by defense counsel in the presence of the defendant and without defendant's objection. (*People v. Smith* (1985), 106 Ill. 2d 327, 334, 478 N.E.2d 357; *People v. Kilfoy* (1984), 122 Ill. App. 3d 276, 280, 466 N.E.2d 250.) A statement by defense counsel in the presence of defendant that a bench trial is desired is a sufficient record of the jury waiver. *People v. Burton* (1984), 121 Ill. App. 3d 182, 183-84, 459 N.E.2d 329.

■ Since the accused speaks and acts through his attorney, the trial court is entitled to rely on the defense attorney to execute his professional responsibilities. Thus, in this case, when defense counsel informed the court of defendant's desire for a bench trial, defendant knowingly and understandingly consented to the waiver of a jury trial. (See *Kilfoy*, 122 Ill. App. 3d at 280.) In the present case, there is no indication whatever that defendant ever objected to a bench trial or that the waiver was involuntary. Moreover, we fail to see how defendant was prejudiced by counsel's waiver in this case. *Kilfoy*, 122 Ill. App. 3d at 281; see also *People v. Jackson* (1987), 161 Ill. App. 3d 573, 579, 515 N.E.2d 219.

We note that the legislature has recently amended the jury waiver provisions of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—1) so that after July 1, 1987, all jury waivers must be in writing. However, that statutory change does not apply to the defendant in this case, although the written waiver should lessen the probability of less-than-knowing waivers in subsequent cases. While we do not approve of the minimal interchange that took place between the trial court and the defendant's attorney in this case, we conclude that defendant nevertheless acquiesced in the waiver and no reversal on this point is warranted.

■ Next, relying on *People v. Teschner* (1980), 81 Ill. 2d 187, 193, 407 N.E.2d 49, defendant correctly argues that the trial court erred in denying defendant the opportunity for treatment under the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, pars. 6321, 6323). The State concurs with defendant in his basic premise that the trial court incorrectly found that the offense of residential

burglary rendered defendant ineligible for probation under sections 21 and 23 of the Act (Ill. Rev. Stat. 1985, ch. 111½, pars. 6321, 6323). Our supreme court in *Teschner* determined that the probation authorized under the earlier provisions of the Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8) was not a criminal sanction but a treatment program available to the court as an alternative to sentencing under the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3) then in force. Under the Code, a defendant was not eligible for probation when he was found guilty of certain classes of offenses. Similarly, under the current version of the Code, persons convicted of residential burglary cannot be sentenced to probation. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(c)(2)(G).) The holding and rationale of *Teschner* continue to be valid (see *People v. Caldwell* (1983), 118 Ill. App. 3d 1027, 455 N.E.2d 893), and that decision is dispositive of this case. The *Teschner* court held that "the provisions of the Unified Code of Corrections are not controlling *** and should not be superimposed upon the provisions of the Dangerous Drug Abuse Act to prohibit a disposition of probation under that act." *Teschner*, 81 Ill. 2d at 193, 407 N.E.2d at 52; see *People v. Cattaneo* (1986), 147 Ill. App. 3d 198, 201, 497 N.E.2d 1363 (provisions of Code not to be superimposed upon the provisions of Alcoholism and Substance Abuse Act so as to preclude probation authorized under that act).

In the present case, the sole reason for the trial court's denial of defendant's petition to be treated as a drug addict was its misapprehension that residential burglary was a nonprobationable offense under the Alcoholism and Substance Abuse Act. The record indicates that, apart from this misapprehension of the law, defendant could qualify for addiction treatment under the Act. Therefore, defendant's four-year sentence of imprisonment must be vacated, and the cause is remanded for resentencing pursuant to the Act that was in effect at the time of defendant's original sentencing. See Ill. Rev. Stat. 1985, ch. 111½, par. 6302 *et seq.*

The judgment of the circuit court is affirmed as to the conviction and vacated as to the sentence, and the cause is remanded for resentencing.

Affirmed in part; vacated in part and remanded.

UNVERZAGT, P.J., and REINHARD, J., concur.