THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL M. STEIGER, Defendant-Appellant.

Second District   No. 2—89—0513

Opinion filed February 19, 1991.

G. Joseph Weller, Steven E. Wiltgen, and Robert C. Cooper, all of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Following a bench trial in the circuit court of Du Page County, defendant, Michael M. Steiger, was convicted of driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501) and was sentenced to 10 days in the county jail, one year's probation, and was fined $300. Defendant appeals, contending that he did not knowingly and voluntarily waive his right to a jury trial because the trial court did not admonish him concerning or inquire into his reasons for the waiver.

On December 23, 1987, defendant was issued traffic citations alleging that he had violated local ordinances by failing to stop at a stop sign, recklessly driving his automobile, and improperly operating a motor vehicle due to excessive tire friction, in addition to the above-mentioned driving under the influence of alcohol charge.

On April 11, 1989, defendant's case came up for trial. After his case was called, defendant's attorney stated: "I have had a conference with my client[.] [H]e has indicated to me that his choice is to proceed to trial by your Honor, and he is tendering a waiver of trial by jury; is that correct, Michael[?]" Defendant then responded, "Yes, sir." Defendant also signed a written jury waiver form. The trial court accepted defendant's waiver, but did not ask defendant any questions about the reasons for the waiver and did not admonish him concerning the consequences of the waiver.

Defendant's case then proceeded to a bench trial after which he was found guilty of driving under the influence of alcohol. Defendant's sole contention on appeal is that he did not knowingly and voluntarily waive his right to a jury trial. In support thereof, defendant

points out that the trial court failed to admonish him concerning his right to a jury trial and failed to question him about his decision to waive this right. We disagree with defendant and affirm the trial court.

■■ We first note that defendant did not raise this issue in his post-trial motion; therefore, the issue has not been properly preserved for review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) However, we may review plain errors affecting substantial rights under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)), even though the error may not have been brought to the trial court's attention. (*People v. Smith* (1985), 106 Ill. 2d 327, 333.) We will consider the issue as it is presented in this case.

■■ Under the Illinois Constitution an accused is guaranteed the right to a jury trial. (Ill. Const. 1970, art. I, §8.) In addition, section 103—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—6) states that an accused has a right to a jury trial unless he or she understandably waives that right. Circuit courts have the duty of insuring that a defendant's waiver of his right to a jury trial be made expressly and understandably. (*Smith*, 106 Ill. 2d at 334.) However, there is no set formula for determining whether this waiver was made knowingly, and thus the determination necessarily turns on the facts of each case. *People v. Tucker* (1989), 183 Ill. App. 3d 333, 334-35.

■■ ■ While it may be preferable for a trial court to advise a defendant of his right to a jury trial, the trial court is not constitutionally required to do so in order to maintain a valid waiver. (*People v. Murrell* (1975), 60 Ill. 2d 287, 291; see also *Tucker*, 183 Ill. App. 3d at 335.) Also, a trial court does not necessarily have to give a defendant an explanation concerning the ramifications of a jury waiver unless there is an indication that the defendant did not understand his right to a jury trial. (*People v. Villareal* (1983), 114 Ill. App. 3d 389, 392.) Our supreme court has recognized the validity of a waiver made by the defense counsel, in the presence of the defendant, and without objection by the defendant. (*Smith*, 106 Ill. 2d at 334.) Furthermore, a statement by the defense attorney, made in the presence of the defendant, is a sufficient record of the jury waiver. *Tucker*, 183 Ill. App. 3d at 335; *People v. Burton* (1984), 121 Ill. App. 3d 182, 183-84.

■■ A defendant speaks and acts through his attorney; therefore, a trial court may rely on the defense attorney to execute his professional responsibilities. (*Tucker*, 183 Ill. App. 3d at 335.) Thus, where the defense counsel informs the trial court of the defendant's desire

to waive his right to a jury trial, the defendant has knowingly and understandingly consented to the waiver. *Tucker*, 183 Ill. App. 3d at 335.

■ In the present case, defendant spoke and acted through his attorney concerning defendant's waiver of his right to a trial by jury. Defense counsel stated in court and on the record that he had discussed with defendant whether defendant should waive his right to a jury trial. Defense counsel then informed the court that defendant wished to waive this right and questioned defendant to determine whether defendant was still in agreement with this decision. Defendant responded in the affirmative. Therefore, under these circumstances, we find that defendant knowingly and understandingly waived his right to a trial by jury.

■ We also note that defendant signed a written jury waiver form in this case. Although a signed jury waiver form alone is insufficient proof to demonstrate that the defendant made an understanding waiver of the right to a jury trial (*People v. Sebag* (1982), 110 Ill. App. 3d 821, 828), the signed jury waiver in this case lessens the probability that the waiver was not made knowingly. *Tucker*, 183 Ill. App. 3d at 335.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

WOODWARD and NICKELS, JJ., concur.