THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH POZDOLL, Defendant-Appellant.

Second District   No. 2—90—0832

Opinion filed July 2, 1992.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Barbara Chasnoff, of Chicago (William L. Browers and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

In a bench trial, defendant, Joseph Pozdoll, was found guilty of unlawful possession of a stolen vehicle in violation of section 4—103(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(a)(1)). The circuit court of Du Page County sentenced defendant to five years' probation under the supervision of TASC for the Class 2 felony offense. The issues presented for review are whether: (1) defendant was proved guilty beyond a reasonable doubt of unlawful possession of a converted motor vehicle; (2) defendant was deprived of effective assistance of counsel due to a failure to object to the State's amendment of the original charge; and (3) defendant knowingly and voluntarily waived his right to a jury trial. We affirm.

At approximately 12:30 a.m., on November 8, 1989, defendant appropriated a 1977 Chevrolet from the parking lot of Woodfield Corporate Center in Schaumburg. Gerardo Garcia, the vehicle's owner, had left the running car unattended while he returned to the building to help his wife gather cleaning supplies. Gerardo and his wife were both

employees of a company hired to provide janitorial services to the corporate center. Garcia neither knew defendant nor gave him permission or authority to enter or drive his vehicle.

On November 8, 1989, at approximately 12:45 a.m., a police officer stopped defendant for having committed several traffic violations. Defendant could not produce a driver's license, and a computer check showed that the vehicle was registered to Gerardo Garcia.

Defendant, at various times, told four different stories as to how he came into possession of Garcia's car. On November 8, 1989, he told the police that he had purchased the car from Garcia but had not yet registered it. On February 7, 1990, defendant told the investigating police officer that a friend had purchased the car and had given it to defendant to use. Then, defendant said he and Garcia met on the morning of November 8 and that Garcia left defendant in the car. When Garcia failed to return for over an hour, defendant started the car and drove off. Finally, on February 21, 1990, when defendant was arrested, he told the police that on November 8 he had been arguing with his ex-wife and decided to leave her car at about 12:30 a.m. It was cold that evening, and he needed a ride home. Thus, seeing the keys in Garcia's car, he took it.

Defendant first argues that his conviction requires reversal because the State failed to prove beyond a reasonable doubt that defendant's actions constituted a conversion of the car or that defendant knew a conversion had occurred. Defendant relies upon *People v. Sergey* (1985), 137 Ill. App. 3d 971, to support his assertion that the facts in the present case do not amount to a conversion of property. In *Sergey,* an amusement park employee took what he thought to be his employer's car in order to purchase liquor. The car, however, did not belong to defendant's employer, and, as defendant returned to the amusement park, he was arrested by the police and charged with driving under the influence and unauthorized possession of a vehicle which was knowingly converted. The court reversed defendant's conviction on the conversion claim because defendant justifiably thought he was borrowing his employer's car, defendant had no intent to criminally deprive the owner, and it was unrefuted that defendant's employer would have granted permission to use the vehicle. The court determined that to hold otherwise would render every act of borrowing a friend's chattel without his express permission a criminal conversion. *Sergey,* 137 Ill. App. 3d at 976.

■ We find the facts of *Sergey* distinguishable from those in the instant case because defendant neither knew Garcia nor could he reasonably claim to have received permission to use the vehicle. Further-

more, there is no evidence that defendant intended to return the car or leave it in a place where the owner could safely recover it. Therefore, we cannot agree with defendant's position that conversion cannot be found where there is only temporary use of property without causing harm to it. To do so would ignore the element of implied consent present in the *Sergey* case which reduced the borrower's culpability.

Intent to permanently deprive another of his property may be inferred from the lack of any evidence of an intent to return the property or to leave it in a place where the owner could safely recover it. (*People v. Henry* (1990), 203 Ill. App. 3d 278, 280.) In the present case, defendant gave four different stories as to how he came into possession of Garcia's car. In our view, one who intended to return property to its rightful owner would have no need to rationalize possession of the property in such a manner. Indeed, defendant's statement that he had purchased the car from Garcia conveys a belief that Garcia no longer owned the vehicle. Under these circumstances, we find sufficient evidence to affirm defendant's conviction of unlawful possession of property knowing it to have been stolen or converted.

Defendant next argues that his case was prejudiced due to defense counsel's ineffectiveness as established by a failure to object to the State's filing of an amended complaint. On the day of trial, the State asked for and was granted leave to amend the complaint by filing an information adding the word "converted" to the charge. Thus, the information charged defendant for possession of a stolen or converted vehicle. Defense counsel offered no objection to this amendment. Defendant argues that counsel failed in his duty to consider what effect the amendment would have on the charge and on the defense. Defendant also asserts that counsel could have successfully objected to any change in the charge or, at least, obtain time to deal with the amended charge.

To succeed on this claim, defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064; see also *People v. Chandler* (1989), 129 Ill. 2d 233, 242.) In making a deficiency determination, *Strickland* requires us to consider the "totality of the evidence before the judge or jury." (*Strickland*, 466 U.S. at 695, 80 L. Ed. 2d at 698, 104 S. Ct. at 2069.) In light of the totality of the evidence in this case, we do not view counsel's performance as deficient. In sum, the court properly allowed the amended complaint and defense counsel ably argued the law of conversion.

Defendant asserts that the amended complaint should not have been allowed because the State failed to follow procedures established by the court in *People v. Kincaid* (1981), 87 Ill. 2d 107. In *Kincaid*, the question was whether an information may be amended prior to trial to include essential elements of the offense charged. In reaching its conclusion, the court explained that the purpose behind allowing the State to amend the information is to avoid unnecessary delay which would occur if the State were forced to dismiss the charge and file a new complaint. The court concluded that the State should be allowed to amend an information to include essential elements of the crime charged only when such amendment is made before trial, after a prompt preliminary hearing to determine probable cause and upon granting defendant time to plead anew and further prepare his defense. *Kincaid*, 87 Ill. 2d at 125.

In *Kincaid*, the court allowed the State to amend its information because such amendment was accomplished prior to trial. The court also pointed out that there had already been a preliminary hearing to determine probable cause on the initial complaint which brought out sufficient facts such that it was unnecessary to hold a preliminary hearing following the filing of the amended information. Moreover, the court offered defendant additional time within which to prepare, but the offer was refused.

In the present case, the amendment was proffered by the State prior to trial, albeit at the virtual commencement of the trial. Defendant waived his preliminary hearing with respect to the charges against him. However, we determine that probable cause existed to try defendant on the charge of conversion in light of the probable cause sufficient to charge defendant for theft. Finally, it is clear that defense counsel was prepared to and did argue the law of conversion as it appeared in the amended complaint. Indeed, defendant's trial counsel relied on authority to attack the charge of conversion similar to the authority appellate counsel relies upon in this appeal. Thus, defense counsel did not require additional time in order to respond to the amended complaint. In light of the above, we determine that defense counsel's failure to object to the State's amended complaint did not prejudice defendant's case and, therefore, an ineffectiveness of counsel claim cannot stand.

Defendant finally argues that his conviction must be reversed because there is nothing in the record to indicate that defendant understandingly waived his right to a jury trial in open court. Defendant makes two separate assertions in support of this position.

First, defendant argues that the trial court failed to secure an understanding waiver by defendant in open court and that a valid waiver cannot be imputed to defendant through his counsel's actions. In the present case, in the presence of defendant, defense counsel asked that the matter be set for a bench trial. At a subsequent proceeding defense counsel stated to the court that the matter was up for bench trial. The judge indicated that the case would have to be transferred to another court because of scheduling difficulties. Defense counsel then stated: "I believe I tendered a jury trial waiver under the stipulation that if it was transferred out, that I would be able to withdraw it." The trial court agreed.

Continuing before a different judge later that day, the prosecuting attorney informed the court that "[t]he matter comes up for bench trial." The court asked whether there had been a jury waiver, and defense counsel responded in the affirmative. Defendant now asserts that, although the record reflects several references to a bench trial by counsel and the court, no inquiry of the defendant or express jury waiver was made at any point. Defendant cites *People v. Smith* (1985), 106 Ill. 2d 327, to support his claim that the facts above do not meet the requirements of an understanding waiver made in open court. In *Smith* the defendant and his attorney were informed by notice that a bench trial was scheduled for the matter. In addition, the common-law record indicated that the cause "comes on for Bench Trial." The court held this evidence insufficient to support a claim that an understanding waiver was made in open court.

We determine that the facts of the present case support a finding that defendant made a voluntary and understanding jury waiver. Unlike *Smith*, the record here shows that counsel for defendant orally requested a bench trial in defendant's presence. An accused speaks and acts through his attorney. (*People v. Tucker* (1989), 183 Ill. App. 3d 333, 335.) Furthermore, a trial court is entitled to rely on the defense attorney to execute his professional responsibilities. (*Tucker*, 183 Ill. App. 3d at 335.) Thus, when defense counsel informs the court of defendant's desire for a bench trial, it is generally accepted that defendant knowingly and understandingly consented to the waiver of a jury trial and expressed the same through his attorney. (*Tucker*, 183 Ill. App. 3d at 335.) In fact, the court in *Smith* recognized the validity of a waiver made by defense counsel in the presence of defendant and without his objection. *Smith*, 106 Ill. 2d at 334.

■ Defendant's second argument in this regard is that his conviction must be reversed because there is no written waiver by defendant of his right to a jury trial, as required by section 115—1 of the

Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—1).

> "All prosecutions except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury unless the defendant waives such jury trial in writing or, in a criminal prosecution where the offense charged is first degree murder, a Class X felony, criminal sexual assault or a felony violation of the Cannabis Control Act or the Illinois Controlled Substances Act both the State and the defendant waive such jury trial in writing." (Ill. Rev. Stat. 1989, ch. 38, par. 115—1.)

Defendant acknowledges that our supreme court, in *People ex rel. Daley v. Joyce* (1988), 126 Ill. 2d 209, declared the 1987 and 1988 amendments to section 115—1 unconstitutional based on the statute's requirement that both the State and the defendant must execute jury waivers in certain classes of offenses.

In *People v. Gersch* (1990), 135 Ill. 2d 384, our supreme court explained that in *Joyce* the amended statute was declared void *ab initio*, and this left in force the version of section 115—1 as it existed prior to July 1987. Since the amendments to the statute were found void *ab initio*, it is as if the amended statute never existed; thus, the court concluded, the rule of *Joyce* must be applied retroactively. *Gersch*, 135 Ill. 2d at 401.

Defendant argues that the statutory requirement of a written jury waiver survives because *Joyce* only invalidated a severable portion of section 115—1. We disagree. The entire amendment was struck down because, as the court explained in *Gersch*, the rule of *Joyce* left the statute as it existed prior to the 1987 amendment, thereby indicating that the amended statute has been held unconstitutional in its entirety. (*Gersch*, 135 Ill. 2d at 390.) Prior to the 1987 amendment, section 115—1 stated, "[a]ll prosecutions except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury or the court when a jury is waived by the defendant in open court." Ill. Rev. Stat. 1985, ch. 38, par. 115—1.

Although the *Gersch* court declined to rule on whether *Joyce* should be interpreted to mean that both the original statute and all its amendments are void *ab initio* (*Gersch*, 135 Ill. 2d at 393), that does not affect the conclusion of the supreme court that the 1987 and 1988 amendments to section 115—1 are void *ab initio*. The court's statement that the pre-1987 version of the statute is the one left in force (*Gersch*, 135 Ill. 2d at 390) demonstrates that the provision that jury waivers must be in writing is void and must be treated as if it never existed. The court's conclusion means that the amendment, in its

entirety, has no effect. (*Gersch*, 135 Ill. 2d at 390.) Thus, the absence of a written jury waiver does not require a new trial. *People v. Deveaux* (1990), 204 Ill. App. 3d 392, 402-03.

Therefore, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.