Docket No. 84678–Agenda 11–September 1998.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. 

 JERRY R. SCOTT, Appellee.

Opinion filed April 15, 1999.

JUSTICE HEIPLE delivered the opinion of the court:

The sole issue for consideration by this court is whether a written waiver alone validly waives a defendant’s right to a jury trial. We hold that it does not.

Defendant executed a written jury waiver in his attorney’s office, which was later filed outside of defendant’s presence. Thereafter, on the day of trial and in defendant’s presence, the following exchange occurred between his attorney and the trial judge:

“MR. WILLIAMS [defendant’s counsel]: And we would proceed to the bench trial today.

THE COURT: Okay, Defendant files motion to dismiss. States Attorney given two weeks to file responsive pleading. Okay, we’ll proceed to bench trial, then?

* * *

THE COURT: Okay, appreciate that., [
sic
] okay. We will then proceed with the bench trial. Mr. Vaughan, you may proceed.”

Section 103–6 of the Code of Criminal Procedure of 1963 (Code) provides that a bench trial may be held if the right to trial by jury is “understandingly waived by defendant 
in open court
.” (Emphasis added.) 725 ILCS 5/103–6 (West 1992). Section 115–1 of the Code further provides that a waiver of jury trial should be in writing. 725 ILCS 5/115–1 (West 1992). Reading these provisions together, this court recently held that failure to file a written jury waiver does not require reversal “
so long as
 the defendant’s waiver was made understandingly 
in accordance with section 103–6 of the Code of Criminal Procedure
.” (Emphasis added.) 
People v. Tooles
, 177 Ill. 2d 462, 468 (1997). Thus, a defendant validly waives his right to a jury trial only if made (1) understandingly; and (2) in open court. 725 ILCS 5/103–6 (West 1992).

We have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed. The State, however, argues that the references on the day of trial to proceeding with a bench trial constituted an acknowledgment of the waiver in open court. In 
People v. Frey
, 103 Ill. 2d 327, 332 (1984), this court held that an accused typically speaks and acts through his attorney, and a jury waiver is valid when “made by defense counsel in defendant’s presence where defendant gave no indication of any objection to the court hearing the case.” 
Frey
, 103 Ill. 2d at 332. However, the court also specifically noted that the defendant in 
Frey
 “was present at some point prior to trial when the jury waiver was discussed.” 
Frey
, 103 Ill. 2d at 333. In the instant case, it is undisputed that defendant was never present in open court when a jury waiver was discussed.

Additionally, the written jury waiver here stated that defendant had “until the last Thursday of December, 1994 to revoke this waiver of jury trial.” This language creates an inference that the jury waiver was irrevocable after the last Thursday of December 1994. Thus, rather than find defendant’s silence to be “acquiescence,” as the court did in 
Frey
, we find defendant’s silence here may have been due to his belief that it was too late to revoke his jury waiver. Therefore, we cannot presume defendant’s silence constituted a waiver in open court.

Finally, the significance of the references to proceeding with a bench trial is not as great as the State suggests. The references arose in a dialogue between defendant’s attorney and the trial judge concerning a motion to dismiss. The trial judge had not ruled on the motion to dismiss as of the date of trial, and defendant’s attorney agreed to allow the State two weeks to present a written response. From this context, it is clear that defendant’s attorney, when stating he would proceed with a bench trial, was merely indicating that despite the pending motion to dismiss, defendant was ready to proceed. Consequently, the statement was not meant as an affirmative waiver, but instead as an indication to the court that defendant would proceed with trial despite the pending motion. Thus, the defendant never acknowledged the written jury waiver in open court, either affirmatively or through his silence.

For the reasons stated, we hold that defendant did not validly waive his right to a jury trial in open court. Accordingly, the judgment of the appellate court reversing the judgment of the circuit court of Wayne County and remanding the cause for further proceedings (293 Ill. App. 3d 241) is affirmed.

Appellate court judgment affirmed.

JUSTICE MILLER, specially concurring:

I concur. I agree with the majority’s conclusion that the circumstances in the present case fail to show that the defendant validly waived his right to a jury trial. Notably, the jury waiver signed by the defendant stated that it could not be revoked after a specified date. Thus, the defendant’s subsequent silence in open court, when both defense counsel and the trial judge referred to the impending proceeding as a bench trial, might not have represented acquiescence in the waiver, and instead could have simply been the product of the defendant’s mistaken belief that he could no longer change his mind and demand a jury trial. Under these circumstances, I agree with the majority that the defendant did not validly waive his right to a jury trial and that a new trial is therefore warranted.

A different result would be required if the defendant’s jury waiver had not contained a deadline for its revocation and if the defendant had later, in open court, remained silent when the waiver was mentioned. In that event, the defendant’s silence could properly be construed as acquiescence. See 
People v. Frey
, 103 Ill. 2d 327 (1984). Finally, unlike Justice Bilandic and Chief Justice Freeman, I do not believe that the majority abandons the totality-of-the-

circumstances test, as applied in 
Frey 
and other cases, in assessing the validity of the present defendant’s jury waiver.

JUSTICE BILANDIC, also specially concurring:

I join in the majority’s holding that defendant’s jury waiver was not valid and a new trial is warranted. The majority correctly concludes that section 103–6 requires, at a minimum, that the defendant be present in open court when the jury waiver is discussed. Although adoption of this rule requires a new trial in this case, I believe that, in the long run, this rule will reduce the litigation of jury waiver issues in the reviewing courts and the number of reversals necessitated by invalid waivers.

In arguing for reversal of the appellate court, the State urges us to find that, based on the circumstances of this case, defendant knowingly and understandingly waived his right to a trial by jury. The State cannot avoid section 103–6’s explicit requirement that the defendant waive a jury “in open court.” The State therefore asserts that the trial judge’s mention of a “bench trial” in defendant’s presence was sufficient to constitute defendant’s waiver of a jury “in open court,” when considered in light of the other circumstances present in this case. In essence, the State asks us to define the “in open court” requirement so broadly that it may be gleaned from any number of circumstances. The problem with the State’s approach is that it gives no clear guidance to the trial courts on this matter. Exactly what is required in any given case to comply with section 103–6 is not defined. Without a clear requirement for the trial courts, however, reviewing courts would be faced with numerous assertions of invalid waivers. In contrast, the simple requirement which the majority has adopted here–that the defendant, at a minimum, be present in open court when the jury waiver is discussed–provides the trial courts with a clearly defined minimum standard for this situation. That requirement was not satisfied in this case, and a new trial is therefore warranted. In light of the majority’s holding, however, I trust that this situation will not arise with any frequency in the future and judicial economy will, in the end, be served. This court has previously acknowledged the efficacy of a clear rule on this issue
:

“ ‘It takes but a few moments of a trial judge’s time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury. This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers.’ ” 
People v. Chitwood
, 67 Ill. 2d 443, 448-49 (1977), quoting 
People v. Bell
, 104 Ill. App. 2d 479, 482 (1969).

CHIEF JUSTICE FREEMAN, dissenting:

I dissent.

The majority holds that a written waiver 
alone 
does not waive a defendant’s right to a jury trial. Slip op. at 1. I certainly agree with that statement as a general legal principle; the proposition is quite established. See, 
e.g
., 
People v. Stokes
, 281 Ill. App. 3d 972, 978 (1996); 
People v. Steiger
, 208 Ill. App. 3d 979, 982 (1991); 
People v. Lewis
, 89 Ill. App. 3d 840, 844 (1980). However, it cannot be the holding in 
this 
case because it does not fit the facts herein presented. The State expressly contends:

“The People do not suggest that it is the written waiver alone that creates the knowing and understanding waiver of the right to a jury. It is the written waiver 
in conjunction with 
the Defendant’s silent acquiescence in court when his attorney agreed to the bench trial.” (Emphasis added.)

The majority opinion overlooks the totality of the circumstances in this case. A defendant waives the right to a jury trial only if made understandingly in open court. 725 ILCS 5/103–6 (West 1992). “That determination cannot rest on any precise formula and necessarily turns on the facts and circumstances of each particular case.” 
People v. Frey
, 103 Ill. 2d 327, 332 (1984) (and cases cited therein).

In this case, defendant: (1) signed a clear and detailed written jury waiver (293 Ill. App. 3d at 243-44), and (2) was in court and failed to object when his defense counsel indicated that he was prepared to proceed with a bench trial. “Recognizing that the accused typically speaks and acts through his attorney, we have given effect to jury waivers made by defense counsel in defendant’s presence where defendant gave no indication of any objection to the court hearing the case.” 
Frey
, 103 Ill. 2d at 332 (collecting cases); accord 
People v. Smith
, 106 Ill. 2d 327, 334 (1985). Courts have held that a defense counsel’s single affirmative statement either that defendant waives a jury (
e.g
., 
People v. Murrell
, 60 Ill. 2d 287, 290 (1975); 
People v. Sailor
, 43 Ill. 2d 256, 260 (1969)) or requests a bench trial (
e.g
., 
People v. Pozdoll
, 230 Ill. App. 3d 887, 892 (1992); 
People v. Tucker
, 183 Ill. App. 3d 333, 334-35 (1989); 
People v. Burton
, 121 Ill. App. 3d 182, 183-84 (1984)) constituted a valid jury waiver since defendant was in the courtroom and failed to object. 
Frey
, 103 Ill. 2d at 332.

Also, the record shows that defendant is not unsophisticated or uneducated. Defendant was 53 years old at the time of his arrest. He had completed two years of high school and had taken GED classes. He had police training and for two years was a deputy for the emergency services and disaster agency in Wayne County. Further, defendant had 
two 
previous DUI convictions. This fact indicates that he has some knowledge of the justice system generally and of this type of case particularly. Thus, based on the facts and circumstances of this case, I believe that defendant’s jury waiver was knowingly and understandingly made.

Whether a defendant understandingly waived a jury trial is best determined based on all of the unique circumstances of that particular case. Courts have long required a totality-of-the-

circumstances test (
e.g
., 
Adams v. United States ex rel. McCann
, 317 U.S. 269, 278, 87 L. Ed. 268, 274, 63 S. Ct. 236, 241 (1942)), which was codified in section 103–6 of the Code of Criminal Procedure of 1963. 725 ILCS Ann. 5/103–6, Committee Comments–1963, at 197 (Smith-Hurd 1992) (“This paragraph codifies *** the case decisions”). Justice Bilandic’s special concurrence correctly describes the majority opinion as adopting a new interpretation of section 103–6, which replaces the totality-of-

the-circumstances test.

In this case, I would hold that defendant understandingly waived a jury trial, and I would affirm the judgment of the circuit court. Accordingly, I dissent.