No. 3--05--0228

Filed February 23, 2007.

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 03--CM--2134 |
| v. | ) ) | |
| JILL D. HART, | ) ) | Honorable Stephen Kouri, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the opinion of the court:
_____

Defendant, Jill D. Hart, was convicted by the trial court of battery (720 ILCS 5/12--3(a)(2) (West 2004)). The trial court sentenced Hart to 12 months' probation. Hart appeals, arguing that she did not knowingly and intelligently waive her right to a jury trial. We affirm.

BACKGROUND

We note that the record does not contain a transcript of any of the trial court proceedings. Further, although the common law record also lacks the trial court's docket sheet, it appears from the written orders of the court that the following proceedings occurred: (1) Hart made her initial court appearance on November

4, 2003; (2) on January 8, 2004, she was appointed counsel; (3) on June 8, 2004, the court set a pretrial hearing for September 14, 2004; (4) on September 14, 2004, the court set the matter for a jury trial on September 29; and (5) on September 29, the court ordered a bench trial to be held on December 6, 2004.

With regard to the jury waiver, the record only contains a written jury waiver form, signed by Hart. In the top right corner of this form, the date "12/6" was handwritten. There was no file stamp on the written waiver. There was no other reference to a jury waiver in the record.

Hart provided an agreed statement of facts with regard to the bench trial that was conducted on December 6, 2004. The statement covered only the evidence adduced at the trial, although it referred to a motion to exclude witnesses just prior to the commencement of the trial.

Hart appeals her conviction.

ANALYSIS

On appeal, Hart seeks remand for a new trial on the basis that the record fails to show that she understandingly waived her right to a jury trial in open court.

Initially, the State argues that Hart waived this issue on appeal for failure to preserve it in the trial court. Hart concedes that she did not raise this issue below. However, a defendant's failure to question the validity of the jury waiver

2

in the trial court, by both a timely objection and a posttrial motion, does not result in a forfeiture of the issue on appeal. People v. Bracey, 213 Ill. 2d 265, 821 N.E.2d 253 (2004). A criminal defendant has a fundamental right to a trial by jury, and the issue of whether that right has been violated may be considered under the plain error rule. Bracey, 213 Ill. 2d 265, 821 N.E.2d 253.

On the merits, because Hart was charged with an offense punishable by a term of imprisonment in excess of six months, she had a right to a trial by jury under the sixth and fourteenth amendments to the United States Constitution (U.S. Const., amends. VI, XIV). Codispoti v. Pennsylvania, 418 U.S. 506, 41 L. Ed. 2d 912, 94 S. Ct. 2687 (1974). A defendant validly waives her right to a jury trial only if she does so (1) understandingly and (2) in open court. 725 ILCS 5/103--6 (West 2004); People v. Scott, 186 Ill. 2d 283, 710 N.E.2d 833 (1999). It is the trial court's duty to ensure that a defendant's waiver of her right to a jury trial is made understandingly. People v. Smith, 106 Ill. 2d 327, 478 N.E.2d 357 (1985). However, the validity of a jury waiver cannot rest on any precise formula but, rather, depends on the facts and circumstances of each particular case. In re R.A.B., 197 Ill. 2d 358, 757 N.E.2d 887 (2001). Where the facts are not in dispute, the question of whether a defendant validly waived her right to a jury trial is one of law subject to de novo

3

review.  R.A.B., 197 Ill. 2d 358, 757 N.E.2d 887.

A suitable report of the proceeding in which the waiver is supposed to have occurred is essential to a review of whether a defendant made a valid jury waiver.  Smith, 106 Ill. 2d 327, 478 N.E.2d 357.  The party alleging error is responsible for preserving and presenting an adequate record of the asserted error.  People v. Stewart, 179 Ill. 2d 556, 689 N.E.2d 1129 (1997).  Where a defendant claims that he or she did not waive the right to a jury trial in open court or that the waiver was not understandingly made, the record should be sufficient to cover all proceedings which involved the waiver.  Smith, 106 Ill. 2d 327, 478 N.E.2d 357; People v. Oatis, 47 Ill. App. 3d 229, 361 N.E.2d 1146 (1977).  Deprived of an adequate record, the reviewing court "must assume that the record indications of a jury waiver are indeed based on a valid waiver."  Smith, 106 Ill. 2d 327, 478 N.E.2d 357.

In the instant case, Hart has presented an incomplete record.  The only facts relating to the issue on appeal in the record are that: (1) on September 29, 2004, the court scheduled a bench trial; (2) Hart signed a written jury waiver; and (3) a bench trial was conducted on December 6, 2004.  Because the record does not contain any of the court's docket entries, we cannot determine on what day the jury waiver was made in court, if that occurred at all.  Even if we were able to determine the

4

date the jury waiver was made, the agreed statement of facts reveals only the evidence adduced at trial.  It does not cover any of the pretrial proceedings.

Due to an insufficient record, we are unable to make any determination with regard to the jury waiver.  Therefore, we must assume that the written jury waiver and bench trial were based on a valid waiver.  Smith, 106 Ill. 2d 327, 478 N.E.2d 357 (the defendant failed to provide a record of proceedings for the date on which his alleged jury waiver was made); Oatis, 47 Ill. App. 3d 229, 361 N.E.2d 1146 (the defendant's conviction after a bench trial was affirmed where he claimed that the record failed to show that he understandingly waived his right to a jury trial in open court, but the record was insufficient because it did not cover any proceeding prior to the bench trial).

                              CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

CARTER and O'BRIEN, JJ., concur.