# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Warnock*, 2013 IL App (2d) 120057

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD D. WARNOCK, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0057 |
| Filed | March 20, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction and sentence for domestic battery following a bench trial were reversed and the cause was remanded for a new trial where defendant did not validly waive a jury trial, despite the presence of a purported jury waiver in the common-law record, since there was no explicit reference to the waiver of a jury trial or to conducting a bench trial, the court proceeded to a bench trial without referring to defendant's waiver of a jury trial, defense counsel never waived a jury, and there was nothing in the record showing defendant was in open court when any type of jury waiver was discussed. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 11-CF-226; the Hon. Sharon L. Prather, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Thomas A. Lilien and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Louis A. Bianchi, State's Attorney, of Woodstock (Lawrence M. Bauer and Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion. Justices Zenoff and Schostok concurred in the judgment and opinion. |

## OPINION

¶ 1    Following a bench trial, defendant, Richard D. Warnock, was convicted of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2010)) and sentenced to two years' imprisonment. He appeals, contending that he did not validly waive his right to a jury trial. We reverse and remand.

¶ 2    On July 26, 2011, the parties appeared in court and defense counsel asked the court to set a trial date. The trial court responded, "The court would set the matter for jury trial October 3rd at 10:00 o'clock."

¶ 3    On October 3, the case was called for trial. The State asked that the trial be held over two days because one of its witnesses was unavailable that day because "he understood this to be a jury trial." Defense counsel objected "for the record." The trial court ruled that "over objection" the State would be allowed to present its remaining witness the following day. The court then conducted a bench trial.

¶ 4    The common-law record contains a jury waiver purportedly signed by defendant. His name is handwritten in the caption but the case number is blank. Two spaces apparently intended for the defendant's name are also blank.

¶ 5    Although the alleged victim testified and denied that defendant hit her, the trial court found defendant guilty based on the victim's prior statements to police. The court sentenced him to two years in prison, and defendant timely appealed.

¶ 6    Defendant contends that the record does not show that he validly waived his right to a jury trial. He notes that, although the record contains a purported jury waiver, the subject of waiving a jury trial was never discussed in open court, and thus the purported waiver is invalid. We agree.

¶ 7    "The right to a trial by jury is a fundamental right guaranteed by our federal and state constitutions." *People v. Bracey*, 213 Ill. 2d 265, 269 (2004). A defendant may, of course, waive the right to a jury trial, but any such waiver, to be valid, must be knowing. 725 ILCS

5/103-6 (West 2010); *In re R.A.B.*, 197 Ill. 2d 358, 364 (2001). A written waiver, as required by section 115-1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-1 (West 2010)), is one means by which a defendant's intent can be established. However, adherence to this provision, while recommended, does not necessarily establish a valid waiver. See *People v. Scott*, 186 Ill. 2d 283, 285-86 (1999). Generally, an oral waiver is valid if it is made by defense counsel in the defendant's presence in open court, without an objection by the defendant. See *People v. Murrell*, 60 Ill. 2d 287, 290 (1975); *People v. Sailor*, 43 Ill. 2d 256, 260 (1969). Where, as here, the facts are not in dispute, the sufficiency of a waiver is a question of law, which we review *de novo*. *R.A.B.*, 197 Ill. 2d at 362.

¶ 8 This case is virtually indistinguishable from *Scott* and *R.A.B.*, two cases in which alleged jury waivers were found invalid. In *Scott*, the defendant executed a written jury waiver. When the case was called for trial, defense counsel said that " 'we would proceed to the bench trial today.' " *Scott*, 186 Ill. 2d at 284. The supreme court held that the defendant's acquiescence when his counsel referred to proceeding with a bench trial was not a valid waiver. *Id.* at 285. The court stated, "We have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed." *Id.*

¶ 9 Here, there was no explicit reference to waiving a jury trial or to conducting a bench trial. When the case was called on July 26, the court set it for a jury trial. On October 3, the parties proceeded to a bench trial, with no reference to defendant having waived a jury trial. If anything, the State's case for a valid waiver is even weaker here than it was in *Scott*. There, defense counsel at least mentioned a bench trial. Here, there was no explicit reference to a bench trial at all.

¶ 10 Similarly, in *R.A.B.*, neither the right to a jury trial nor a jury waiver was ever discussed in open court. On appeal, the court held that vague references to a bench trial by the respondent's attorney, the prosecutor, and the trial court, without objection by the respondent, did not amount to a valid jury waiver where the record was devoid of any mention of the respondent's right to a jury trial. *R.A.B.*, 197 Ill. 2d at 367.

¶ 11 The State cites *People v. Frey*, 103 Ill. 2d 327, 332 (1984), for the proposition that the supreme court has "given effect to jury waivers made by defense counsel in defendant's presence where defendant gave no indication of any objection to the court hearing the case." The obvious problem with this argument is that defense counsel here never waived a jury trial and, indeed, *Scott* distinguished *Frey* on that basis. *Scott*, 186 Ill. 2d at 285.

¶ 12 The State makes much of the fact that defendant did not say anything when his attorney objected to the State proceeding over two days. The State argues that "the written waiver, in conjunction with the defendant's silent acquiescence to proceeding as a bench trial over the course of two days," was a valid waiver. *Scott* rejected essentially the same argument. As noted, in that case there was at least an explicit reference to a bench trial. Here, the prosecutor's reference to a witness's belief that there was to be a jury trial does, by negative inference, imply that the matter was to proceed to a bench trial, but if an explicit reference to a bench trial is insufficient to waive a defendant's right to a jury trial, such a tenuous inference surely cannot suffice.

¶ 13        Here, the record does not show any occasion on which "defendant was *** present in open court when a jury waiver, written or otherwise, was at least discussed." *Id.* The State does not suggest that there were additional proceedings–not transcribed–at which a waiver might have occurred. See *People v. Hart*, 371 Ill. App. 3d 470, 472 (2007). Thus, we reverse defendant's conviction and remand the cause for a new trial. See *Scott*, 186 Ill. 2d at 286.

¶ 14        Reversed and remanded.