**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180203-U

Order filed June 5, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-18-0203 |
| v. | ) | Circuit No. 16-CF-272 |
| | ) | |
| WILLIE C. FELTON, | ) ) | Honorable Kathy S. Bradshaw-Elliot, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Carter and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The State failed to prove defendant guilty beyond a reasonable doubt of driving while his license was revoked because the State failed to prove that he drove on a highway. Defendant did not waive his right to a jury trial in open court.

¶ 2     Defendant, Willie C. Felton, was convicted of driving while his license was revoked, unlawful possession of a weapon by a felon, and unlawful possession of firearm ammunition by a felon. Defendant argues that the State failed to prove him guilty beyond a reasonable doubt of driving while his license was revoked. The parties agree that the matter should be remanded for a

new trial because defendant did not waive his right to a jury trial in open court. We reverse and remand.

¶ 3                                   I. BACKGROUND

¶ 4        Defendant was charged with aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2016)), unlawful possession of a weapon by a felon, (*id.* § 24-1.1(a)), unlawful possession of firearm ammunition by a felon (*id.*), and driving while his license was revoked (625 ILCS 5/6-303(d) (West 2016)). The State dismissed the charge of aggravated discharge of a firearm before the trial commenced.

¶ 5        At a pretrial hearing, defense counsel stated that defendant was prepared to have the matter set for a bench trial.

¶ 6        The matter proceeded to a bench trial. Gloretta Williams testified that she was at defendant's property on the day of the incident. Other evidence in the case showed that this property was located on 2430 South Road (2430 South property). There was a house and a recreational vehicle (RV) on the 2430 South property. Williams had been living in the house and the RV with her three children. She was moving out on the day of the incident. Defendant was angry and agitated. He tried to drag the RV out of the yard with a truck. Williams heard a shot and saw a flash come from defendant's direction. Williams never saw defendant holding a gun, but she knew he had fired a gun when she saw the flash. Williams acknowledged that she gave a statement to the police stating that defendant retrieved a 9-millimeter handgun from the truck during the incident. Williams ran into the RV and called the police.

¶ 7        Todd Huntley testified that he was dispatched to the 2430 South property from a nearby residence where he was responding to another call. He heard gunshots while he was at the other residence. When he arrived at the 2430 South property, he observed Williams, defendant, and

several children. When Huntley arrived, defendant ran into the woods carrying a long gun. Defendant later walked out of the woods, and he was no longer carrying the gun. Defendant unchained his dog and put the dog in the bed of a truck. Defendant ignored Huntley's orders to stop what he was doing. Defendant then attempted to drive away, but Huntley and other officers had blocked him in. Defendant began driving through the woods. Huntley pursued defendant but stopped after 10 to 15 minutes because he believed it was unsafe. Huntley and other officers found the truck later that morning in "an abandoned wooded area somewhere around 2500 South." The dog was still bolted to the bed of the truck.

¶ 8    Melba Randolph testified that defendant lived with her at her residence on 2500 South Road. Randolph owned a truck. Randolph's brother, Kenny Williams, and her son drove the truck. Defendant did not drive the truck. When the truck was not being used, Randolph hung the keys on a wall in her kitchen. The only time Randolph knew of defendant driving the truck when he was not supposed to was during the incident giving rise to the instant case.

¶ 9    Craig Horstmann testified that he was a detective at the sheriff's office. He was dispatched to Randolph's residence. He located a nylon rifle case and rifle ammunition in defendant's bedroom. Horstmann also searched the truck that defendant drove during the incident. He located Luger PMC 9-millimeter ammunition in the truck.

¶ 10    Defendant's driving abstract was admitted into evidence. It showed that defendant's license was revoked at the time of the incident.

¶ 11    The court found defendant guilty of unlawful possession of a weapon by a felon, unlawful possession of firearm ammunition by a felon, and driving while his license was revoked. The court sentenced defendant to concurrent sentences of eight years' imprisonment for unlawful possession

3

of a weapon by a felon, eight years' imprisonment for unlawful possession of firearm ammunition by a felon, and two years' imprisonment for driving while his license was revoked.

¶ 12                                    II. ANALYSIS

¶ 13                              A. Sufficiency of the Evidence

¶ 14        Defendant argues that his conviction for driving while his license was revoked should be reversed outright because the evidence at his trial failed to establish that he drove a vehicle on a highway. We find that the evidence was insufficient to prove defendant guilty beyond a reasonable doubt of driving while his license was revoked.

¶ 15        When presented with a challenge to the sufficiency of the evidence, we consider whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found that the elements of the offense were proven beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). "[T]he reviewing court must allow all reasonable inferences from the record in favor of the prosecution." *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). "A reasonable inference within the purview of the law must have a chain of factual evidentiary antecedents. If an alleged inference does not have a chain of factual evidentiary antecedents, then within the purview of the law it is not a reasonable inference but is instead mere speculation." *People v. Davis*, 278 Ill. App. 3d 532, 540 (1996).

¶ 16        In order to prove defendant guilty of driving while his license was revoked, the State was required to prove that defendant was in actual physical control of a motor vehicle on any highway at a time when his driver's license was revoked. 625 ILCS 5/6-303 (West 2016). "Highway" is defined as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel or located on public school property." *Id.* § 1-126.

4

¶ 17      In the instant case, the State failed to prove that defendant was in actual physical control of the truck on a highway. Huntley observed defendant drive a truck into the woods and later found the truck in an abandoned wooded area. There was no evidence that defendant would have had to drive on a road to get from the wooded area where Huntley initially saw him driving to the wooded area where the truck was found.

¶ 18      We reject the State's argument that the trial evidence supports an inference that defendant drove the truck from Randolph's house to the scene of the incident on a highway. Specifically, the State argues:

> "Because Ms. Randolph did not give defendant permission to drive the truck, it stands to reason that she did not drive the truck to defendant's 2430 South property. The truck was, nonetheless, at that location with defendant behind the wheel. It is entirely reasonable for a trier of fact to infer that defendant was the one who drove it there, and that in doing so, made use of a public road."

The trial evidence showed that defendant had access to the keys to Randolph's truck, the truck was present at the 2430 South property, and defendant drove the truck into the woods. However, there was no evidence at the trial concerning how the truck came to be at the 2430 South property. Randolph's testimony indicated that people other than defendant typically drove the truck. To conclude that defendant drove the truck to the 2430 South property on a public road would not be an inference based on the trial evidence but only speculation.

¶ 19      We reject the State's reliance on *People v. Jophlin*, 2018 IL App (4th) 150802. In *Jophlin*, a witness testified that he saw a vehicle drive into a gas station parking lot in Macon, Illinois. *Id.* ¶ 13. The defendant was the only occupant of the vehicle. *Id.* A detective testified that the defendant was intoxicated when the detective encountered him at the gas station. *Id.* ¶ 20. The

5

defendant told the detective that he had been in Decatur, Illinois, earlier in the evening. *Id.* The *Jophlin* court held that although no witness saw the defendant drive on a road, the evidence supported an inference that the defendant drove from Decatur to Macon on public roads. *Id.* ¶ 45.

¶ 20 Unlike *Jophlin*, there was no evidence in this case that defendant traveled in a vehicle between two separate towns. Here, there was no evidence at all concerning how Randolph's truck arrived at the 2430 South property.

¶ 21 B. Jury Waiver

¶ 22 Defendant argues that his convictions for unlawful possession of a weapon by a felon and unlawful possession of firearm ammunition by a felon should be reversed and the matter should be remanded for a new trial because he did not waive his right to a jury trial in open court. The State concedes that the record does not show a valid jury waiver from defendant. The parties agree that this issue may be reviewed under the plain error doctrine even though it is unpreserved. See *People v. Bracey*, 213 Ill. 2d 265, 270 (2004) ("Whether a defendant's fundamental right to a jury trial has been violated is a matter that may be considered under the plain error rule.").

¶ 23 Criminal defendants have a fundamental right to a jury trial under both the federal constitution (U.S. Const., amends. VI, XIV) and the Illinois Constitution (Ill. Const. 1970, art. I, §§ 8, 13). A defendant may waive his or her right to a jury trial, but such a waiver must be knowingly and voluntarily made. *People v. Bannister*, 232 Ill. 2d 52, 65 (2008); see also 725 ILCS 5/103-6 (West 2016) ("Every person accused of an offense shall have the right to a trial by jury unless *** understandingly waived by defendant in open court ***."). Our supreme court has "never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed." *People v. Scott*, 186 Ill. 2d 283, 285 (1999).

6

¶ 24 Here, there was no written jury waiver and no discussion on the record of defendant waiving his right to a jury trial. Although defense counsel stated in defendant's presence that defendant was prepared to have the matter set for a bench trial, the record did not show that defendant understood that he had the option of having a jury trial. Accordingly, the record does not show that defendant knowingly and understandingly waived his right to a jury trial, and we accept the State's confession of error.

¶ 25                                III. CONCLUSION

¶ 26 For the foregoing reasons, we reverse outright defendant's conviction for driving while his license was revoked. We reverse defendant's convictions for unlawful possession of a weapon by a felon and unlawful possession of firearm ammunition by a felon, and we remand the matter for a new trial on these charges.

¶ 27 Reversed and remanded.