THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY CHARBERT HAYES, Defendant-Appellant.

Second District    No. 2—95—0974

Opinion filed April 17, 1996.—Rehearing denied June 14, 1996.

Larry Charbert Hayes, of Menard, appellant *pro se.*

Michael J. Waller, State's Attorney, of Waukegan (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

The defendant, Larry Charbert Hayes, was convicted by a jury of unlawful possession of 900 grams or more of a substance containing cocaine (720 ILCS 570/402(a)(2)(D) (West 1992)) and unlawful possession with intent to deliver 900 or more grams of a substance containing cocaine (720 ILCS 570/401(a)(2)(D) (West 1992)). The defendant was sentenced to 55 years' imprisonment and fined $1.3 million. The defendant, represented by counsel, appealed his conviction. The defendant sought leave to file a *pro se* supplemental appellate brief. This court denied his motion and affirmed the defendant's conviction, issuing a Rule 23 order (*People v. Hayes*, No. 2—94—0288 (March 20, 1995) (unpublished order under Supreme Court Rule 23)). The defendant then filed a petition for post-conviction relief. On July 24, 1995, the trial court ordered the dismissal of the defendant's petition, finding it "frivolous and without merit." The *pro se* defendant now appeals that order, seeking remand for a new trial with directions to suppress "certain evidence." We affirm.

Because the record of the trial proceedings is not before this court, the following facts are taken from our previous Rule 23 order on the defendant's direct appeal. At trial, the State presented evidence that a Lake Forest police officer stopped the defendant for speeding and weaving. The police officer suspected that the defendant was drunk. While the defendant moved a paper bag from under his seat, a plastic bag containing a white powder fell from the paper bag. Seeing this, the officer asked the defendant to sit in the squad car. After determining that the bag contained cocaine, the officer called for back-up units. When additional officers arrived, they searched the defendant and found $3,852 in cash, a pager, an address book, and a sheet of paper containing numbers in a hand-drawn grid. The officer handcuffed the defendant and transported him to the Lake Forest police station. At the police station, a police officer advised the defendant of his *Miranda* rights. During the officer's recitation, the defendant declared, "There were definitely drugs in there." During an inventory search of the car, the officers found an automatic money counting machine, a ziplock bag containing $23,980 in cash, some clear plastic baggies, and an empty suitcase containing a white

powdery residue. During a subsequent search, an officer discovered an electrical switch under the steering wheel which opened two concealed compartments below each passenger window. The compartments contained a large amount of cocaine and $52,000 in cash.

The defendant testified at a suppression hearing that the car did not belong to him, that, in fact, he had merely borrowed the car from a friend in exchange for $150, and that he was driving home from a visit with relatives in Milwaukee when an officer stopped him. During the visit he collected $6,050 from relatives who owed him money and borrowed another $2,500 from his sister. The defendant denied that a bag containing a white powder fell out of the brown paper bag during the stop.

On appeal, the defendant argues that the trial court erroneously dismissed his post-conviction petition. The defendant's appellate brief repeats the numerous issues raised in his post-conviction petition. The defendant argues that the trial court erroneously: (1) failed to, *sua sponte,* instruct the jury on the meaning of the word "knowledge"; (2) admitted evidence obtained through illegal searches and seizures; (3) allowed the prosecutor to refer to the defendant as a "drug broker" during closing argument; (4) excessively both sentenced and fined the defendant; (5) considered the defendant's prior conviction of unlawful delivery of controlled substance during sentencing; (6) sentenced the defendant, even though the defendant had been denied effective assistance of trial counsel; (7) failed to grant a motion *in limine* to suppress the defendant's prior conviction; (8) failed to grant the defendant's motion to quash his arrest and suppress certain evidence; (9) failed to grant the defendant's motion for a directed verdict; (10) failed to grant the defendant's motion for judgment of acquittal; (11) failed to grant the defendant's motion for judgment notwithstanding the verdict or a new trial; (12) failed to grant the defendant an evidentiary hearing on his second amended post-trial motion; and (13) failed to grant the defendant a new trial based on ineffective assistance of counsel. The defendant also contended that his trial counsel provided ineffective assistance in that his trial counsel: (1) agreed not to have the jury instructed on the element of knowledge, even though the State failed to show the defendant knew hidden compartments of the car contained drugs; (2) failed to tender the instruction regarding knowledge; (3) failed to object to the State's use of expert witnesses, even though they were not properly disclosed in discovery; (4) failed to investigate: (a) the police radio dispatch report which would have contradicted testimony regarding events occurring on the day of the defendant's arrest; (b) the State's witness list; (c) "various police department reports," which

would have revealed that police officers omitted relevant information during their testimony and that Officer Fitzgerald was "groping for a theory of probable cause"; (5) failed to file a motion to suppress evidence; (6) failed to object to the admission of defendant's statement that "there were definitely drugs in there," made during the reading of his *Miranda* rights; (7) failed to file a motion to dismiss the criminal charges based on double jeopardy after defendant was defaulted in a civil forfeiture proceeding; (8) failed to obtain an expert witness to testify that "the items in the defendant's possession had no connection or reference to the alledge [*sic*] charges"; (9) stipulated to a palm print taken from a plastic wrapping containing cocaine; (10) failed to *voir dire* properly prospective jurors by failing to ask all the venire members whether they had a relative who was a police officer or in law enforcement and whether race would be a factor in their decision; (11) failed to establish a break in the chain of custody of the bags containing cocaine; (12) failed to resolve the issue as to whether the search was conducted before or after defendant was arrested; (13) failed to object to the prosecutor's "drug broker" remark; and (14) failed to object to Officer Hunter's testimony regarding the alleged accounting table. In addition, the defendant claimed that he was denied the effective assistance of appellate counsel because his appellate counsel failed to argue the preceding issues and issues contained in the *pro se* supplemental appellate brief on direct appeal.

Initially, we note that this court addressed some of the defendant's claims on direct appeal. This court determined that the search of the car the defendant drove, which produced cocaine, $3,852 in cash, a pager, an address book, and a sheet of paper containing numbers on a grid, was proper. *Hayes*, No. 2—94—0288, slip op. at 14. In addition, this court determined that inventory searches of the car, which produced $23,980 and $52,000 in cash, clear plastic bags, an empty suitcase containing a white powdery residue, and a large amount of cocaine, were proper. *Hayes*, No. 2—94—0288, slip op. at 17. This court also determined that the trial counsel's failure to raise the illegal inventory search issue during the motion to suppress hearing did not constitute ineffective assistance of counsel. *Hayes*, No. 2—94—0288, slip op. at 17. Finally, this court determined that the trial court did not err in allowing the State's expert witness to opine that a piece of paper which was found in the defendant's pocket was a ledger used to record drug transactions. *Hayes*, No. 2—94—0288, slip op. at 19.

In a post-conviction petition brought under the Post-Conviction Hearing Act (hereinafter the Act) (725 ILCS 5/122—1 *et seq.* (West 1994)), the defendant bears the burden of establishing a substantial

denial of his rights under the United States or Illinois Constitution. *People v. Franklin*, 167 Ill. 2d 1, 9 (1995). A defendant is not entitled to an evidentiary hearing as of right on a post-conviction petition. *People v. Whitehead*, 169 Ill. 2d 355, 370-71 (1996). To obtain a hearing on a post-conviction petition, a defendant must plead facts, supported by the record or affidavits, from which the court could find a valid claim of deprivation of his constitutional rights. *Whitehead*, 169 Ill. 2d at 370-71. The defendant must do more than state conclusory allegations of constitutional issues to obtain a hearing. *People v. Fern*, 240 Ill. App. 3d 1031, 1041 (1993). We will not disturb a trial court's decision to dismiss a post-conviction petition absent an abuse of discretion. *Whitehead*, 169 Ill. 2d at 371; *Fern*, 240 Ill. App. 3d at 1037.

■ Because a proceeding brought under the Act is a collateral attack on a judgment of conviction (*Franklin*, 167 Ill. 2d at 9), all issues actually decided on direct appeal are *res judicata*, and all issues which could have been raised in the original proceeding, but were not, are waived. *Whitehead*, 169 Ill. 2d at 371; *People v. Powers*, 260 Ill. App. 3d 163, 166 (1994). However, the doctrines are relaxed where: (1) the facts relating to the claim do not appear in the original appellate record; (2) the arguments at issue stem from the incompetency of the original appellate counsel; or (3) fundamental fairness so requires. *Whitehead*, 169 Ill. 2d at 371-72.

■ We first consider whether defendant's claims survive *res judicata* and waiver based on the exception for claims dependent on facts outside the original appellate record. In support of the arguments contained in the post-conviction petition, the defendant attached only one affidavit. The affidavit is a one-page document which contains no new evidence or information to support his claims of the deprivation of his constitutional rights. Instead, the affidavit contains conclusory allegations of constitutional issues. The defendant's claims do not depend on any fact *dehors* the record. Accordingly, the defendant's claims cannot survive *res judicata* and waiver on this basis. *Whitehead*, 169 Ill. 2d at 372.

■ Next, we consider whether the defendant's arguments survive *res judicata* and waiver based on the exception for incompetency of his appellate counsel. The two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984) (adopted by our supreme court in *People v. Albanese*, 104 Ill. 2d 504 (1984)), is utilized in reviewing the performance of both trial and appellate counsel. *Whitehead*, 169 Ill. 2d at 380-81. To establish ineffective assistance of counsel a defendant must establish that (1) "counsel made errors so serious *** that counsel was not functioning as the

'counsel' guaranteed by the sixth amendment"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Mahaffey*, 165 Ill. 2d 445, 457-58 (1995). The two-prong test applies to a claim of ineffective assistance of appellate counsel as well. Our supreme court recently explained:

> "A defendant who contends that appellate counsel rendered ineffective assistance, for example, by failing to argue a particular issue, must show that ' "the failure to raise that issue was objectively unreasonable" ' and that, ' "but for this failure, his sentence or conviction would have been reversed." ' [Citation.] There is no obligation of appointed appellate counsel to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his judgment, are without merit, unless his appraisal of the merits is patently wrong. [Citations.]" *Whitehead*, 169 Ill. 2d at 381.

The defendant argues that his appellate counsel was ineffective because he failed to raise issues on direct appeal which were contained in the defendant's supplemental appellate brief. In his supplemental appellate brief, which this court refused to allow the defendant to file, the defendant argues that (1) the prosecutor knowingly used perjured testimony from a police officer; (2) the prosecutor violated discovery rules by failing to disclose his intention to call expert witnesses; (3) the trial court erred by failing to instruct the jury on the meaning of "knowledge"; and (4) trial counsel provided ineffective assistance in that he: (a) failed to file a motion to suppress a statement allegedly made by the defendant; (b) failed to tender proper jury instructions; (c) failed to object to the prosecutor's leading questions of State witnesses; (d) failed properly to *voir dire* the jury; (e) failed to object to the State's witnesses who were not listed in discovery; (f) failed to object to the testimony of officers who testified as experts even though they were not qualified by the court; (g) failed to attempt to elicit testimony which would have established a break in the chain of custody of the seized cocaine; and (h) stipulated, without proper foundation, to a palm print taken from plastic wrapping containing cocaine.

■ The defendant has failed to support his arguments with facts contained in the record. In fact, the defendant failed to submit a transcript of the trial court proceedings. Further, the defendant failed to support his argument with facts contained in affidavits. Instead, the defendant states in a conclusory fashion that his appellate counsel provided ineffective assistance by failing to raise certain issues on appeal. Therefore, we are unable to review the alleged er-

rors of the trial court, prosecutor, and appellate counsel. Because there is no record of the trial proceedings before us and no facts alleged to support the defendant's allegations, we are unable to evaluate the defendant's claims under *Strickland*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. Thus, the defendant failed to establish that the appellate counsel's failure to raise the issues was objectively unreasonable or that the defendant's conviction or sentence would have been reversed but for the failure. Accordingly, the defendant's claims cannot survive *res judicata* or waiver on this basis. *Whitehead*, 169 Ill. 2d at 379; *People v. Dean*, 226 Ill. App. 3d 465, 469 (1992).

In addition, the defendant's claims cannot survive *res judicata* or waiver on the basis that fundamental fairness requires such. The defendant fails to provide argument or facts sufficient to support the cause and prejudice requirements of the fundamental fairness exception. *Franklin*, 167 Ill. 2d at 15. " 'Cause' has been defined as an objective factor that impeded *** counsel's efforts to raise the claim on direct review. 'Prejudice' is defined as an error which so infected the entire trial that the defendant's conviction violates due process." *Franklin*, 167 Ill. 2d at 20. The defendant simply makes blatant statements that the alleged errors by the trial court, prosecutor, trial counsel, and appellate counsel were prejudicial. Accordingly, we determine that the defendant's arguments are barred. *Franklin*, 167 Ill. 2d at 15.

Assuming *arguendo* that the issues are not barred, we nevertheless affirm. Because the defendant failed to establish that the alleged errors were, in fact, erroneous and prejudicial, we determine that the defendant failed to establish that the trial court abused its discretion by dismissing his post-conviction petition without a hearing.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and HUTCHINSON, JJ., concur.