THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONNIE DOCKERY, Defendant-Appellant.

First District (4th Division)   No. 1—97—1790

Opinion filed April 23, 1998.

Michael J. Pelletier and Nan Ellen Foley, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Linda Woloshin, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WOLFSON delivered the opinion of the court:

When a trial judge takes 60 seconds or so to obtain a valid jury waiver from a defendant in open court the issue we confront in this case does not arise.

We are called on to determine whether this defendant is entitled to an evidentiary hearing on his postconviction claim that his constitutional right to a jury trial was violated. The trial court denied the defendant's petition, holding no evidentiary hearing was required. We reverse the trial court's decision and remand this cause for an evidentiary hearing under the Post-Conviction Hearing Act (725 ILCS 5/122—1 et seq. (West 1994)).

FACTS

On March 7, 1990, Ronnie Dockery (Dockery) was arrested and charged with possession with intent to deliver phencyclidine (PCP). The case was called for trial on June 3, 1991. There were three defendants—Dockery, his brother, Gregory Dockery, and Thomas Almore. The Dockery brothers were represented by privately retained attorney Maurice Scott. Defense counsel for Almore was Cheryl Ingram. The colloquy:

"THE COURT: Bench or jury, Mr. Scott? Miss Ingram?

MS. INGRAM: Judge, bench for me. However, there is a motion pending. We are not a party to the motion.

THE COURT: All right. Mr. Scott, you have a motion pending?

MR. SCOTT: Yes.

THE COURT: We will hear the motion and go into the trial."

After learning the prosecution would need a short period of time, the court said:

"If you are going to be five minutes, we will put it over to 1:30. Where is Mr. Scott? Mr. Scott, 1:30?

MR. SCOTT: Your Honor, at any rate can I sit down with my client?

THE COURT: Sure. You can talk to them."

When the case was called again, Scott said:

"Your Honor, the State indicated they were going to combine the motion and trial simultaneously.

THE COURT: Are you agreeable to it, Miss Ingram?

MS. INGRAM: Yes, Judge.

THE COURT: Fine.

MR. SCOTT: I have got the jury waivers here.

THE COURT: Thank you. Be seated at counsel table. Call your first witness."

And the trial began.

Dockery was convicted of the PCP charge. Because he had two prior armed robbery convictions, he was sentenced to life imprisonment as an habitual criminal.

In his direct appeal, Dockery contended (1) the trial judge found him guilty of simple possession, not possession with intent to deliver; (2) his trial lawyer labored under a conflict of interest by jointly representing both him and his brother; and (3) the State failed to prove he knowingly possessed a controlled substance with intent to deliver. Each contention was rejected and the conviction affirmed. *People v. Dockery*, 248 Ill. App. 3d 59, 618 N.E.2d 348 (1993). No issue concerning the jury waiver was raised on direct appeal.

In the postconviction proceeding, Dockery first filed a *pro se* petition, then, with the aid of appointed counsel, an amended *pro se* petition. Counsel then filed an amended supplemental postconviction petition, along with a Rule 651(c) certificate. See 134 Ill. 2d R. 651(c).

The only issue raised in this appeal concerns Dockery's claim that his jury waiver was invalid. In his affidavit in support of the postconviction petition, Dockery said:

"(a) That attorney Maurice Scott Jr. was retained by my brother who was a co-defendant in the instant case, to represent the two of us.

(b) That during attorney Scott's representation, there was never a discussion with me, nor directed towards me in regard to admonishments, stipulations and my defense at trial.

(c) That I was deprived of a jury trial, this deprivation derived from believing that my brother (co-defendant) decision [*sic*] to have a bench trial *would not* affect me, I was under the impression that our case would be separated and I would have a jury trial.

(d) My brother's decision to have a bench trial was prompted by his inability to pay attorney Scott the fee wanted for a jury trial.

(e) That no one explained to me that I *did not* have to submit to a bench trial or whether the selection of a bench trial was voluntarily or intelligently agreed upon \*\*\*." (Emphasis in original.)

The rest of Dockery's affidavit has nothing to do with his jury trial claim.

The State filed a motion to dismiss Dockery's petition. It submitted an affidavit from attorney Scott, which said:

"[B]ased upon my customary practices at the time of Ronnie Dockery's trial in 1991, I definitely would not have submitted a jury waiver on behalf of my client, unless I first advised my client that he has a right to a trial by jury and discussed a jury waiver with the client and unless my client agreed to waive his right to a trial by jury and elected to proceed by way of a bench trial. I definitely would not have submitted a jury waiver on behalf of my client unless my client authorized me to submit a jury waiver on his behalf."

The postconviction judge, who had not tried Dockery's case, granted the State's motion to dismiss Dockery's petition. There was no evidentiary hearing. The court relied, at least in part, on: (1) the undisputed fact that a written jury waiver was filed; (2) the half sheet and the official trial transcript reflected a written jury waiver; and (3) the affidavit of Scott, "who indicates in that affidavit that he did review with the defendant his right to a trial by jury."

We note the written jury waiver does not appear in the record before us. We do have the half-sheet entry by the trial judge, noting "D[efendant] sign [*sic*] Jury Waiver[.] Bench trial \*\*\*." Defendant does not dispute the existence of his signed jury waiver. Neither do we.

## DECISION

■ The Post-Conviction Hearing Act (see 725 ILCS 5/122—1 *et seq.* (West 1994)) provides a remedy to a criminal defendant who demonstrates a substantial violation of his or her constitutional rights. *People v. Franklin*, 167 Ill. 2d 1, 656 N.E.2d 750 (1995). In a postconviction proceeding, the court does not redetermine the defendant's innocence or guilt but, rather, reexamines constitutional issues that escaped earlier review. *People v. Eddmonds*, 143 Ill. 2d 501, 578 N.E.2d 952 (1991). Consequently, a postconviction petition is not an appeal, but a collateral attack on the defendant's conviction. *People v. Steidl*, 177 Ill. 2d 239, 685 N.E.2d 1335 (1997).

The trial court must conduct an evidentiary hearing where the record or accompanying affidavits support the defendant's claim that his constitutional rights were violated. *People v. Owens*, 129 Ill. 2d 303, 308, 544 N.E.2d 276 (1989).

■ An issue that could have been, but was not, raised on direct appeal is waived for the postconviction stage. *People v. Orange*, 168 Ill. 2d 138, 659 N.E.2d 935 (1995). However, this court has relaxed the waiver rule when: (1) the facts relating to the defendant's claim do not appear in the original appellate record; (2) fundamental fairness so requires; or (3) the defendant's arguments stem from the incompetency of the original appellate counsel. *People v. Hayes*, 279 Ill. App. 3d 575, 580, 665 N.E.2d 419 (1996).

Here, Dockery makes two arguments to overcome the waiver rule. First, Dockery contends fundamental fairness requires this court to consider the constitutional rights implicated by his allegedly invalid jury waiver. Second, Dockery contends his appellate counsel was ineffective by failing to raise his invalid jury waiver claim before this court on direct appeal. Because we find the first issue disposes of this issue, we do not address Dockery's ineffective appellate counsel claim.

■ A criminal defendant's right to trial by jury is "fundamental to the American scheme of justice." *Duncan v. Louisiana*, 391 U.S. 145, 149, 20 L. Ed. 2d 491, 496, 88 S. Ct. 1444, 1447 (1968). Both the United States Constitution and the Illinois Constitution provide for jury trials in criminal cases. See U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. The Code of Criminal Procedure of 1963 provides: "All prosecutions *** shall be tried by the court and a jury unless the defendant waives a jury trial in writing." 725 ILCS 5/115—1 (West 1992).

Because of the importance of the right to a jury trial, Illinois courts have consistently elected to review invalid jury trial waiver claims in the name of fundamental fairness. See *People v. Tooles*, 177 Ill. 2d 462, 464-65, 687 N.E.2d 48 (1997); *People v. Stokes*, 281 Ill. App. 3d 972, 976, 667 N.E.2d 600 (1996); *People v. Mueller*, 281 Ill. App. 3d 1, 3, 666 N.E.2d 915 (1996); *People v. Hall*, 221 Ill. App. 3d 864, 867, 583 N.E.2d 54 (1991); but see *People v. Price*, 144 Ill. App. 3d 949, 952, 495 N.E.2d 517 (1986) ("As to defendant's argument concerning waiver of his right to a jury trial, we find that the issue should have been raised on direct appeal and is inappropriate in a post-conviction proceeding").

Ultimately, only the defendant can decide whether to give up a jury trial. *People v. Ramey*, 152 Ill. 2d 41, 54, 604 N.E.2d 275 (1992). The Code of Criminal Procedure provides: "Every person accused of an offense shall have the right to a trial by jury unless *** understandingly waived by defendant in open court ***." 725 ILCS 5/103—6 (West 1992). The defendant may forego this fundamental right only by a waiver "made expressly and understandingly." *People v. Smith*, 106 Ill. 2d 327, 334, 478 N.E.2d 357 (1985).

Although Dockery's written jury waiver may have satisfied section 115—1, the issue that remains is whether Dockery surrendered his constitutional right to a jury trial voluntarily, knowingly, and understandingly. See *People v. Asselborn*, 278 Ill. App. 3d 960, 962, 664 N.E.2d 110 (1996). He contends he did not.

■ Illinois courts have developed no set formula for determining the validity of a jury trial waiver. *People v. Frey*, 103 Ill. 2d 327, 469 N.E.2d 195 (1984). Instead, whether a jury waiver was knowingly and understandingly made "necessarily turns on the facts and circumstances of each particular case." *Frey*, 103 Ill. 2d at 332.

While a written jury trial waiver alone does not demonstrate the defendant's understanding (*Stokes*, 281 Ill. App. 3d at 978), "the signed jury waiver *** lessens the probability that the waiver was not made knowingly" (*People v. Steiger*, 208 Ill. App. 3d 979, 982, 567 N.E.2d 660 (1991)). See also *Tooles*, 177 Ill. 2d at 468 (a written waiver is not required as long as the defendant understandingly waives a jury trial).

If a defendant is present when the court and defense counsel discuss a jury trial waiver, and the defendant does not object to the waiver, the defendant "is deemed to have acquiesced in" the waiver. *People v. Sailor*, 43 Ill. 2d 256, 260, 253 N.E.2d 397 (1969). In other words, the trial court can rely on:

> " 'the professional responsibility of defendant's attorney that when he informed the court that his client waived a jury, it was knowingly and understandingly consented to by his client. Defendant is not permitted to complain of an alleged error which was invited by his behavior and that of his attorney.' " *Sailor*, 43 Ill. 2d at 261, quoting *People v. Melero*, 99 Ill. App. 2d 208, 240 N.E.2d 756 (1968).

Accord *People v. Bowman*, 227 Ill. App. 3d 607, 612, 592 N.E.2d 240 (1992); *Steiger*, 208 Ill. App. 3d at 982.

The Illinois Supreme Court does not require "the record affirmatively establish that the court advised defendant of his right to a jury trial and elicited his waiver of that right [citation], nor that the court or counsel advised defendant of the consequences of the waiver." *Frey*, 103 Ill. 2d at 332; *People v. Murrell*, 60 Ill. 2d 287, 291, 326 N.E.2d 762 (1975); *People v. Nelson*, 17 Ill. 2d 509, 511, 162 N.E.2d 390 (1959).

Still, courts are troubled by a trial judge's cursory approach to jury waiver, which, despite the plethora of decisions on the subject, continues to be reflected in the cases.

In *People v. Hall*, 221 Ill. App. 3d at 866-67, the court found plain, reversible error where the defendant had signed a jury waiver

and where the public defender said, in the defendant's presence: "I ask leave of Court to tender and execute a jury waiver by submitting this matter to the court for trial." The judge said nothing to the defendant about a jury waiver.

In *People v. Scott*, 293 Ill. App. 3d 241, 244, 687 N.E.2d 1151 (1997), *appeal allowed*, 177 Ill. 2d 582 (1998), the court found plain, reversible error where the defendant signed a jury waiver, defense counsel said, "we would proceed to the bench trial today," and the trial judge said: "We will proceed then with the bench trial." Nothing was said to the defendant.

■ On the other hand, in *People v. Asselborn*, 278 Ill. App. 3d at 962, we found a valid jury waiver where the defendant, who did not sign a waiver, stood by silently when the trial judge said: "Have a seat. Jury waiver. Bench or jury?" Defense counsel responded: "It will be a bench your Honor." Under the supreme court's holdings in *Sailor*, *Murrell*, and *Frey*, that was good enough, even though nothing was said to the defendant about his right to a jury trial.

We conclude, given the state of the law in this area, the record in this case requires a hearing into Dockery's claim that he did not understandingly and voluntarily give up his right to a jury trial. We are troubled by the lack of specific facts in Dockery's affidavit, but it does serve to rebut the inference that Scott discussed with him his right to a jury. We note that Scott apparently had no memory of this specific case. We also consider the fact that Scott was representing the two brothers, raising the spectre of divided loyalty. In addition, a pretrial motion to suppress was heard at the same time as the trial, thus reducing any opportunity to discuss jury waiver with the defendant. And, of course, nothing was said to the defendant about a jury trial when Scott said: "I have got the jury waivers here."

We understand the State's concern about allowing criminal defendants to stand by silently while their lawyers waive the jury trial, then, after a bad outcome, hear them complain about deprivation of their right to a jury trial. Defendants should not be allowed to "gamble on the outcome." *People v. Novotny*, 41 Ill. 2d 401, 409, 244 N.E.2d 182 (1968).

There is an easy solution to the problem. All the trial judge has to do, at the bare minimum, is ask the defendant if he understands he is giving up his right to have a jury decide his case and if that is something he wants to do. If the defendant answers these simple questions in the affirmative, the constitutional requirement of a knowing and understanding jury waiver will be satisfied.

## CONCLUSION

While we express no opinion on what the outcome should be, we

believe the defendant is entitled to an evidentiary hearing on his claim that he was unconstitutionally deprived of his right to a jury trial.

Reversed and remanded.

CERDA, P.J., and SOUTH, J., concur.