No. 3--02--0794

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2003

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 14th Judicial Circuit, 

 ) Henry County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 00--CF--24

 ) 

ROBERT D. RAPP, ) Honorable

                                ) Alan G. Blackwood,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the court:

_________________________________________________________________

A jury found the defendant, Robert D. Rapp, guilty of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2000)).  He was sentenced to two consecutive terms of 11 years’ imprisonment.  His postconviction petition was denied at the third stage of the proceedings.  On appeal, the defendant argues that the trial court erred by denying his petition.  Specifically, he contends that his due process rights were violated because at trial the State failed to disclose that one of its witnesses was a convicted felon.  We affirm.

BACKGROUND

The defendant was charged with having committed two counts of predatory criminal sexual assault of a child with a minor, N.P., in 1998 and 1999 in Henry County.  According to testimony at trial, N.P. was approximately eight or nine years old when these offenses occurred.

N.P. is the daughter of Denise Torrence and Gerald P.  After Denise and Gerald were divorced, Denise was granted custody of N.P. and Gerald was allowed visitation.  Gerald moved to Iowa, where he lived with Stephanie Swisher.

Denise developed a relationship with the defendant.  Eventually, Denise, the defendant, and N.P. began living together.

After Denise was convicted of driving under the influence, Gerald commenced proceedings to gain custody of N.P.  During the custody hearing, the defendant testified on Denise's behalf.  Gerald's initial petition to obtain custody of N.P. was denied.

At trial, the State played for the jury a video tape of an interview of N.P. conducted by Carol Nigh, a clinical social worker.  In the tape, N.P. described the sex acts committed on her by the defendant on two occasions.

N.P. testified at trial.  Her testimony was less detailed than her description of events had been during the taped interview.  Nigh also testified.

At trial, Denise, Gerald, and Stephanie all testified concerning the contextual events surrounding N.P.'s allegations of the defendant's criminal conduct with her.  Each of these witnesses, however, stated that N.P. had not told him or her the details of the sex acts.

Gerald testified about the custody and visitation arrangements that he and Denise had regarding N.P.  He stated that N.P. was with him and Stephanie in Iowa during most of the summer of 1999.  At the end of the summer, N.P. returned to Illinois to live with Denise and the defendant.  After N.P. had been "in school maybe a week or so," the defendant and some of his relatives called Gerald to tell Gerald that they did not know where Denise was.  They asked Gerald to come and get N.P.  Because Gerald was a professional truck driver, he was not home and could not pick up N.P. at that time.  At Gerald's request, Stephanie and Gerald's sister traveled to Illinois to pick up N.P. and bring her back to Iowa.

After Gerald returned home, he learned of N.P.'s allegations against the defendant from other adults, but not from N.P.  Gerald testified that he never discussed the details of the allegations with N.P.  He stated that he only told N.P. not to lie and that she should tell the truth.

The defendant testified in his own defense.  He denied having engaged in the sex acts N.P. had described in the taped interview and in her testimony.

Eventually, Denise was located.  She was incarcerated for more criminal offenses.  Gerald petitioned again for custody of N.P.  This time, his petition was granted.

During the closing arguments at trial, the defendant's attorney suggested to the jury that Gerald and Stephanie had prompted N.P. to bring the allegations against the defendant so that Gerald could gain custody of N.P.  The prosecutor contended that there was no evidence that Gerald and Stephanie had told N.P. to bring her allegations against the defendant.  The prosecutor submitted that, furthermore, Gerald had begun his second proceeding for custody of N.P. on the basis of Denise's incarcerations.  The prosecutor argued that Gerald had no need to plant the idea with N.P. to bring her allegations against the defendant in order to gain custody of N.P.

The jury found the defendant guilty of the charges, and he was sentenced.  On direct appeal, we affirmed his convictions and sentences (
People v. Rapp
, No. 3--01--0213 (2002) (unpublished order under Supreme Court Rule 23)).

On May 7, 2002, the defendant filed a postconviction petition through his attorney.  In his petition, he argued that his due process rights were violated because the State failed to disclose that Gerald was a convicted felon.

The matter proceeded to a third-stage evidentiary hearing.  At the hearing, the trial judge ruled the defendant had not shown that the outcome of the case would have been different if Gerald's felony conviction had been disclosed to the defendant for impeachment purposes.  The court issued an order denying the defendant's petition.  The defendant appealed.

ANALYSIS

The defendant argues that his due process rights were violated because the State failed to disclose that Gerald was a convicted felon.  The defendant submits that if the defendant could have impeached Gerald's credibility during cross-examination, the jury might have disbelieved Gerald.  The defendant contends that if the jurors disbelieved Gerald, they might have believed the defendant's theory that Gerald and Stephanie coached N.P. to bring her allegations against the defendant so that Gerald could gain custody of N.P.

The Post-Conviction Hearing Act (725 ILCS 5/122--1 
et
 
seq
. (West 2002)) provides a remedy to a criminal defendant who shows a substantial violation of his constitutional rights.  
People v. Dockery
, 296 Ill. App. 3d 271, 694 N.E.2d 599 (1998).  Upon reviewing a postconviction petition that was denied following a third-stage evidentiary hearing, we are to determine whether the trial court's factual findings were against the manifest weight of the evidence. 
 
People v. Coleman
, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998).

In 
Brady v. Maryland
, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), the United States Supreme Court held that the State has an affirmative duty to disclose certain favorable evidence to the defendant.  Failure by the State to disclose evidence that is material either to the defendant's guilt or punishment is a violation of the defendant's due process rights.

Such favorable evidence, however, is material only when there is a reasonable probability that had the evidence been disclosed to the defendant, the outcome of the case would have been different.  
United States v. Bagley
, 473 U.S. 667, 87 L. Ed. 2d 481, 105 S. Ct. 3375 (1985).  
In order to succeed in a claimed 
Brady
 violation, the defendant bears the burden to show that: (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching; (2) the evidence was either wilfully or inadvertently withheld from the defendant by the State; and (3) withholding the evidence resulted in prejudice to the defendant.  
Strickler v. Greene
, 527 U.S. 263, 144 L. Ed. 2d 286, 119 S. Ct. 1936 (1999).

In Illinois, the 
Brady
 rule has been codified in Supreme Court Rule 412(c).  188 Ill. 2d R. 412(c); 
People v. Williams
, 329 Ill. App. 3d 846, 769 N.E.2d 518 
(2002).  Evidence, such as a prior conviction, that the defense may use to impeach one of the State's witnesses falls under the purview of Rule 412(c).  
Williams
, 329 Ill. App. 3d 846, 769 N.E.2d 518.

In the present case, the State acknowledges that it inadvertently failed to disclose to the defendant that Gerald had been convicted of a felony.  The disclosure of Gerald's felony conviction could have been used by the defendant to impeach Gerald.  The crucial inquiry, however, is whether the State's failure to disclose Gerald's prior conviction prejudiced the defendant's case.  See 
Strickler
, 527 U.S. 263, 144 L. Ed. 2d 286, 119 S. Ct. 1936.  Under 
Brady
 and its progeny, we must determine whether there is a reasonable probability that had the evidence of Gerald's criminal record been disclosed to the defendant, the outcome of the case would have been different.  See 
Bagley
, 473 U.S. 667, 87 L. Ed. 2d 481, 105 S. Ct. 3375.

Gerald's testimony was not material to proving whether the defendant committed the elements of the crimes.  His testimony concerned events that were relevant to the context in which the criminal acts were committed.

As in any criminal case, the State's burden was to present evidence to prove beyond a reasonable doubt the elements of the crimes charged.  The State, however, was not required to disprove the defendant's alternative theory that Gerald and Stephanie encouraged N.P. to bring her allegations against the defendant so that Gerald could gain custody of N.P.

In this case, the jury reasonably could have found that the defendant committed the elements of the crimes beyond a reasonable doubt based on the video tape and N.P.'s testimony.  Even if the defendant had impeached Gerald's credibility by raising his prior conviction during cross-examination, there is not a reasonable probability that it would have affected the outcome of the case.  The defendant was not prejudiced by the State's failure to disclose Gerald's prior felony conviction.

CONCLUSION

The State's failure to disclose Gerald's criminal record was not a violation of the defendant's due process rights under 
Brady
.  Because the defendant did not present evidence at the third-stage hearing of a substantial violation of his constitutional due process rights, the trial court's denial of the postconviction petition was not against the manifest weight of the evidence.  Therefore, we affirm the judgment of the Henry County circuit court.

Affirmed.

LYTTON and BARRY, JJ., concur.