2023 IL App (1st) 192554-U

No. 1-19-2554

Order filed January 11, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 15888 |
| | ) | |
| WILLIAM BATES, | ) | Honorable |
| | ) | Steven J. Rosenblum, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE REYES delivered the judgment of the court.
Presiding Justice McBride and Justice Burke concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court's order summarily dismissing defendant's postconviction petition is reversed where defendant presented an arguable claim of ineffective assistance of trial counsel.

¶ 2     Defendant William Bates appeals from the circuit court's summary dismissal of his *pro se* petition for relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). On appeal, he contends that the court erred in dismissing his petition because he presented an arguable claim that his trial counsel was ineffective for forcing him to involuntarily

waive his right to a jury trial by refusing to try the case in front of a jury and not informing him that it was his choice, not counsel's, regarding which type of trial to choose. For the following reasons, we reverse.

¶ 3    Following a 2016 joint bench trial with his codefendant, Joshua Stanton, defendant was convicted of aggravated battery with a firearm, two counts of aggravated discharge of a firearm, and one count of unlawful use of a weapon by a felon (UUWF), and sentenced to concurrent, respective terms of 11, 11, and 7 years' imprisonment.[1] On direct appeal, we affirmed his convictions for aggravated battery with a firearm and aggravated discharge of a firearm, reversed his conviction for UUWF and vacated that sentence, and ordered the fines, fees, and costs order corrected. *People v. Bates*, 2019 IL App (1st) 161740, ¶ 45. Because we set forth the facts underlying defendant's convictions in detail in our prior order, we recount them here to the extent necessary to resolve the issue raised on appeal.

¶ 4    Defendant was charged by indictment with various offenses stemming from a July 21, 2013, drive-by shooting in which shots were fired at Darryl Owens and Anthony Ray. The record shows that the first in-court appearance of defendant and Stanton was on July 7, 2014. Defendant was represented by private counsel, William Laws. Speaking directly to the trial court, Stanton demanded speedy trial and, specifically a bench trial. As discovery was not complete, his attorney was "not in agreement," with the speedy trial demand. Laws informed the court that it would not be in defendant's best interests to go forward with a trial date without knowing the extent of the outstanding discovery. He therefore had not yet discussed with defendant whether to proceed to a bench or jury trial.

---

[1] Stanton is not a party to this appeal.

¶ 5    The court gave Stanton a "jury reserve date, even though [he wanted] a bench trial because [defendant might] want a jury." The court set a status date of August 22, 2014, promising to "move the trial date up farther" if defendant also wanted a bench trial. Stanton objected to the jury trial date. At the end of the proceeding, the court said, "Again, let me know on the next court date regarding [defendant] whether it's a jury or not."

¶ 6    On August 22, 2014, in the presence of defendant and both defense counsel, Stanton again demanded "speedy trial" and said he was "not in agreement with a continuance." Laws informed the court that "[a]t this time we would also be seeking a bench trial." The court set a tentative trial date of September 8, 2014, which was dependent on timely receipt of DNA test results related to the case.

¶ 7    On September 8, 2014, because DNA testing was "backlogged," the court set a new trial date of December 8, 2014. The court stated, "Mr. Laws, I know your client had previously requested a bench. Is that still your request?"; Laws responded "That's correct" and agreed to December 8, 2014, for a bench trial, as did Stanton's counsel. On December 8, 2014, DNA test results were still unavailable. The court noted that, since the prior hearing, Stanton had submitted a written demand for trial, and that if both defendants were answering ready "the clock is running." Laws and Stanton's counsel answered ready, but agreed to a new date of January 20, 2015; both attorneys also confirmed, "[b]ench indicated."

¶ 8    On January 20, 2015, the State did not answer ready, and both defense attorneys in the presence of their clients demanded trial. The court continued both cases to February 5, 2015, "by agreement" and reconfirmed that both were set "for a bench."

¶ 9    On February 5, 2015, with defendant present but Laws absent, Stanton's counsel asked that the cases be continued by agreement. The court again asked whether both defendants wanted a bench trial; Stanton's counsel answered "[y]es." On the continued date, February 18, 2015, the trial court reset the bench trial for March 17, 2015, "by agreement." On March 17, 2015, defendant tendered to the court a signed form jury waiver, also dated March 17, 2015, which stated: "I, the undersigned, do hereby waive jury trial and submit the above entitled cause to the Court for hearing."

¶ 10    Prior to accepting the waiver, the trial court admonished defendant and Stanton in the presence of their counsel:

> "THE COURT: All right. We did pass this for trial. Have both defendants executed waivers?
>
> [STANTON'S ATTORNEY]: Mr. Stanton is tendering a jury waiver to the Court.
>
> MR. LAWS: At this time, I am tendering a jury waiver, on behalf of [defendant].
>
> THE COURT: Thank you, [counsel]. [Defendant] and Mr. Stanton, I am showing you these documents entitled jury waivers. Is that your signature on the bottom?
>
> [DEFENDANT]: Yes.
>
> THE COURT: Do you understand that by signing these you are telling me that you want to give up your right to have a jury trial in this case? Is that right?
>
> [DEFENDANT]: Yes.
>
> [STANTON]: Yes.
>
> THE COURT: Do you understand what a jury trial is? [Defendant], I will ask you first.
>
> [DEFENDANT]: Yes.

THE COURT: And what do you believe that a jury trial is?

[DEFENDANT]: Being tried in front of twelve citizens.

THE COURT: That's correct. And Mr. Stanton, is that your understanding as well?

[STANTON]: Yes.

THE COURT: That is when your attorney and the [S]tate's attorney select twelve people from the community to hear the evidence, and they would decide guilt or innocence, instead of me, correct?

[DEFENDANT]: Yes.

THE COURT: Mr. Stanton?

[STANTON]: Yes.

THE COURT: I will accept the jury waivers."

¶ 11    Following trial, the court found defendant guilty of one count of aggravated battery with a firearm, two counts of aggravated discharge of a firearm, one count of UUWF, and six counts of aggravated unlawful use of a weapon (AUUW), but not guilty of attempted first degree murder.

¶ 12    According to the presentence investigation report and criminal history report, defendant was 32 years old at the time of his arrest, was a high school graduate, and described himself as having been a good student. His prior convictions included carrying of a firearm in public in 1998, for which he received 18 months' probation; AUUW in 2001, for which he was sentenced to incarceration for one year on a guilty plea; UUWF, for which he was sentenced to probation in 2002 on a guilty plea, but, in 2003, resentenced to five years' incarceration upon his conviction for delivery of a controlled substance (cocaine), for which he was sentenced to a concurrent five-year term on a guilty plea; and domestic battery in 2008, for which he was sentenced to 18 months'

probation. Other convictions included cannabis possession and drinking on a public way in 2007, following guilty pleas.

¶ 13    In the present case, the court sentenced defendant to 11 years' imprisonment for aggravated battery with a firearm, 11 years for aggravated discharge of a firearm, and 7 years for UUWF, with all sentences to be served concurrently. The remaining counts against defendant were merged. As noted, on direct appeal, this court reversed defendant's conviction for UUWF and vacated the sentence on that charge, but affirmed the convictions for aggravated battery with a firearm and aggravated discharge of a firearm, and ordered the fines, fees, and costs order corrected. *Bates*, 2019 IL App (1st) 161740, ¶ 45.

¶ 14    On June 25, 2019, defendant filed a *pro se* postconviction petition under the Act. Defendant argued, *inter alia*, that his remaining convictions should be vacated and a new trial granted because he received ineffective assistance of trial counsel. Relevant here, he contended that he waived his right to a trial by a jury on the "erroneous advice" of trial counsel, Laws. Defendant claimed he told Laws he wanted a jury trial but Laws responded "this is a [bench trial]" and there was "no way [counsel was] trying this case before a jury." Counsel told defendant he had appeared before the judge before, "she"[2] was a good judge, and he knew he "could win" with the judge.

¶ 15    Defendant alleged Laws "insisted on a [b]ench [t]rial[,]" telling defendant jurors were not reliable, and he "advised" defendant to tell the judge he wanted a bench trial. Defendant's waiver resulted from Laws's "erroneous actions." Defendant "did not know" he had the right to choose a

---

[2] By "she," defendant appears to refer to the trial judge who presided over the majority of his pretrial proceedings and over his bench trial. A different judge presided over the proceedings on his postconviction petition.

jury trial instead of a bench trial, and, had he known it was his choice, rather than counsel's, he "would have insisted on" a jury trial.

¶ 16    In support of these contentions, defendant submitted his own affidavit, averring that: he informed Laws that he wanted a jury trial; Laws told him "this is a bench trial"; he asked Laws what he meant by that and Laws told him "there is no way that I'm trying this case before a jury"; Laws told him that he knew the trial judge, had previously appeared before her, and knew he "could win with this judge"; and Laws advised him to tell the judge that he wanted a bench trial and told him that jurors are not reliable. Defendant maintained the report of proceedings supported his claim that Laws made these statements, given Laws's confirmations in open court that defendant would be tried by bench trial and given "the many continuances for a [b]ench [t]rial."

¶ 17    On September 6, 2019, the circuit court summarily dismissed defendant's petition, finding, in a written order, that all of his claims for relief were waived for failure to raise them on direct appeal or barred by the doctrine of *res judicata*, as well as frivolous and patently without merit under the Act. With respect to defendant's contention that he received ineffective assistance of trial counsel based on Laws having usurped his right to elect a jury trial, the court found that the record was "absolutely clear *** that [defendant] made personal choices to elect a bench trial." It found that such advice is a matter of trial strategy and not subject to a challenge based on a claim of ineffective assistance of counsel. The court noted that Laws's advice was apparently "sound" given that the trial court found defendant not guilty of attempted murder, a charge that carried a higher minimum sentence than the others.

¶ 18    Defendant filed a notice of appeal on December 17, 2019. On October 12, 2021, the Supreme Court of Illinois allowed defendant's motion for a supervisory order directing this court

to treat the notice of appeal as a properly perfected appeal of the circuit court's judgment of September 6, 2019.

¶ 19    On appeal, defendant argues the circuit court erred by summarily dismissing his *pro se* petition where he made an arguable claim of ineffective assistance of trial counsel because Laws "coerced" him to waive his right to a jury trial.

¶ 20    The Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354 (2010). The Act establishes a three-stage process for adjudicating a postconviction petition. *People v. English*, 2013 IL 112890, ¶ 23. The circuit court here summarily dismissed defendant's petition at the first stage of proceedings.

¶ 21    At the first stage, the trial court must determine whether the petition "is frivolous or is patently without merit"; if so, summary dismissal within 90 days of filing is appropriate. 725 ILCS 5/122-2.1(a)(2) (West 2018). Summary dismissal of a *pro se* petition is appropriate "only if the petition has no arguable basis either in law or in fact"—that is, when it is based on an indisputably meritless legal theory or fanciful factual allegation. *People v. Hodges*, 234 Ill. 2d 1, 11-12, 16 (2009). An indisputably meritless legal theory includes one that is completely contradicted by the record. *Id.* at 16. Fanciful factual allegations include those that are clearly baseless or that are fantastic or delusional. *Id.* at 13, 16-17.

¶ 22    The circuit court must liberally construe *pro se* postconviction petitions at the first stage, viewing them "with a lenient eye, allowing borderline cases to proceed." *Id.* at 21 (citation omitted). "At the dismissal stage of a post-conviction proceeding, all well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true." *People v. Coleman*, 183

Ill. 2d 366, 385 (1998). The court may not engage in fact-finding or credibility determinations at this stage. *People v. Scott*, 2011 IL App (1st) 100122, ¶ 23 (citing *Coleman*, 183 Ill. 2d at 385).

¶ 23    The petition need only "include a limited amount of detail and need not present formal legal arguments or citations to legal authority" to survive summary dismissal. *People v. Hatter*, 2021 IL 125981, ¶ 24. The allegations, when taken as true and liberally construed, need only present the gist of a constitutional claim. *Id.*; see also *People v. Tate*, 2012 IL 112214, ¶ 9 ("Because most petitions are drafted at [the first] stage by defendants with little legal knowledge or training, this court views the threshold for survival as low."). We review *de novo* the summary dismissal of a postconviction petition at the first stage. *Tate*, 2012 IL 112214, ¶ 10.

¶ 24    In this court, defendant contends that the circuit court erred in summarily dismissing his petition because he presented an arguable claim that his trial counsel was ineffective for forcing him to involuntarily waive his right to a jury trial by refusing to try the case in front of a jury and not informing him that it was his choice, not counsel's, regarding which type of trial to choose.

¶ 25    As a threshold matter, although the parties do not address forfeiture, we briefly address whether, as the circuit court found, defendant's claim of ineffectiveness is forfeited owing to his failure to raise the issue on direct appeal. It is well settled that issues a defendant could have raised on direct appeal but did not are forfeited. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005). However, where, as here, the defendant's allegations of ineffectiveness are based on information outside the record, "specifically things his counsel told him or failed to tell him[,]" the defendant could not have raised those allegations on direct appeal, and thus has not forfeited them. *People v. Barkes*, 399 Ill. App. 3d 980, 986 (2010) (citing *People v. Munson*, 206 Ill. 2d 104, 118 (2002)). We turn to the merits of defendant's ineffective assistance of counsel claim.

¶ 26    A criminal defendant has the right to effective assistance of counsel. U.S. Const., amend. VI, XIV; Ill. Const. art. I, § 8; *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citation omitted). Pursuant to *Strickland*, where a postconviction petition asserts ineffective assistance of counsel as the basis for relief, summary dismissal of the petition at the first stage is not appropriate "if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. A defendant must satisfy both prongs, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 76 (citing *Strickland*, 466 U.S. at 697).

¶ 27    After reviewing the record, we find the circuit court erred in summarily dismissing defendant's petition where he raised an arguable claim of ineffective assistance of trial counsel. *Hatter*, 2021 IL 125981, ¶ 24; see also *Hodges*, 234 Ill. 2d at 9 (noting petition need provide "enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act").

¶ 28    In reaching our conclusion, we find instructive *People v. Smith*, 326 Ill. App. 3d 831 (2001). In *Smith*, the defendant waived his right to a jury trial and was found guilty of first degree murder following a bench trial and sentenced to 20 years' imprisonment. *Id.* at 836. After his conviction was affirmed on direct appeal, he filed a petition for postconviction relief under the Act, later amended, alleging ineffective assistance of trial counsel, which was supported by his own affidavit and affidavits of another witness and his postconviction counsel. *Id.* at 838. The circuit court dismissed the petition at the first stage. *Id.* On appeal of the summary dismissal, the defendant claimed he had waived the right to a jury trial based on erroneous advice of trial counsel.

*Id.* at 847. According to the defendant, his attorney claimed the trial judge owed him a "favor" and would have information that would be unavailable to a jury. *Id.*

¶ 29    This court reversed the dismissal and remanded the case for advancement to the second stage of the postconviction proceedings, finding the petition neither frivolous nor patently without merit. *Id.* at 849. In doing so, we noted that defendant alleged professionally unreasonable conduct by counsel. *Id.* at 848. Further, counsel's representation to the defendant that the judge would have information unavailable to the jury inaccurately described the law, since judges are presumed *not* to consider matters deemed inadmissible. *Id.* at 849. We noted that the trial court, in admonishing the defendant regarding his waiver, did not ask him whether he had been promised anything in exchange for giving up his right to a jury trial. *Id.* at 848-49. We also found there was a reasonable likelihood that the defendant would not have waived his right to a jury trial absent the alleged deficient performance of trial counsel. *Id.* at 848.

¶ 30    Here, similar to *Smith*, defendant avers he was coerced by his counsel to accept a bench trial and did so at his counsel's insistence despite his own preference for a jury trial. Specifically, defendant alleged that: he informed Laws that he wanted a jury trial; Laws told him "this is a bench trial"; defendant asked Laws what he meant by that, and Laws told him "there is no way that I'm trying this case before a jury"; Laws said he knew the trial judge, had previously appeared before her, and knew he "could win with this judge"; and Laws advised defendant to tell the judge he wanted a bench trial and told him jurors are not reliable. Defendant averred that his jury waiver resulted from Laws's "erroneous actions." He also averred that he "did not know" he had the right to choose a jury trial instead of a bench trial, and that, had he known it was his choice rather than counsel's, he "would have insisted on" a jury trial.

¶ 31    As mentioned, at the first stage of postconviction proceedings all well-pled facts that are not positively rebutted by the original trial record are to be taken as true. *Coleman*, 183 Ill. 2d at 385. The State does not dispute that Laws's performance would be objectively unreasonable if, as alleged, he "insisted" on a jury trial or said he would not try the case before a jury. The State does not cite, nor do we find, anything in the record that directly rebuts defendant's allegations of trial counsel's allegedly coercive conduct or defendant's desire for a trial by jury; thus, the allegations are neither frivolous nor patently without merit. 725 ILCS 5/122-2(a)(2) (West 2018).

¶ 32    The State notes that, in *Smith*, counsel's alleged claim that the judge owed him a favor suggested an illegitimate agreement with the judge by showing he had "influence over the judge." *Smith*, 326 Ill. App. 3d at 849. Although defendant does not allege that trial counsel suggested such illegitimate agreement, trial counsel's alleged refusal to participate in a jury trial and "insistence" on a bench trial is similarly unreasonable because it implies an exertion of improper "influence over" his own client. See Ill. R. Prof'l Conduct (2010) R. 1.2(a) (eff. Jan. 1, 2016) ("In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to *** whether to waive jury trial."). An attorney's refusal to try a criminal case before a jury, after his or her client has expressed a preference for a jury trial, as alleged here, implies the attorney might abandon the representation if the client exercises a right that is constitutionally guaranteed. We conclude it is at least arguable that such conduct by counsel falls below the objective standard of reasonableness and runs counter to his "professional responsibility *** to ensure that the waiver is knowingly and understandingly consented to by his client." *Smith*, 326 Ill. App. 3d at 848. As such, defendant has sufficiently alleged facts to establish deficient performance by trial counsel under the first prong of the *Strickland* test.

¶ 33    We likewise find that it is at least arguable that defendant was prejudiced by counsel's deficient performance. That is, there is arguably a reasonable likelihood that, absent the alleged error by counsel, defendant would not have waived his right to a trial by jury. See *id.*; *Hodges*, 234 Ill. 2d at 17; *People v. Simon*, 2014 IL App (1st) 130567, ¶ 73. Again, at the first stage of postconviction proceedings, all well-pled facts that are not positively rebutted by the original trial record are to be taken as true. Given defendant's allegations that he wanted a jury trial, but that his counsel refused to try the case before a jury and insisted he waive the right, it is "arguable" that defendant suffered prejudice. *Hodges*, 234 Ill. 2d at 17.

¶ 34    The State argues that this case is analogous to *Simon*, where we affirmed the denial of the defendant's motion for leave to file a successive postconviction petition but noted that the allegations would not pass muster even under the lenient standards of first stage review. *Simon*, 2014 IL App (1st) 130567, ¶ 66. We disagree. In *Simon*, the defendant alleged:

> " 'I told counsel that I wanted to go with a jury trial. He brought up that he knows the judge and that he will be *** basing it off "law" which will be essential for me to get acquitted. He promised me freedom with a bench trial. Told me if I went with a jury, they could bring up that I was in a gang. Even though I was in a gang at the time, that was not a factor as to the shooting. He promised me that I will go home with a bench trial. So I went along with *his* decision.' (Emphasis in original.)" *Id.* ¶ 73.

The allegations in *Simon*, unlike those in the case at bar, contain no refusal or suggestion that the attorney might abandon the representation, but instead show that counsel strongly encouraged his client to accept a bench trial for reasons an attorney might reasonably believe were in the client's own interests. *Id.* ¶ 74 (noting that, despite the defendant's focus on counsel's alleged statements "promis[ing]" acquittal, the allegations, read as a whole, made it "clear *** that trial counsel was advising defendant to waive a jury trial because counsel knew that the judge would base his

decision on the law instead of on the fact that defendant was a gang member, as a jury might do" and that such advice does not constitute ineffective assistance). The allegations here went beyond mere encouragement. Importantly, defendant averred that Laws told him "there is no way that I'm trying this case before a jury." Thus, we find *Simon* inapposite.

¶ 35    Finally, the State maintains that we should affirm the summary dismissal of defendant's petition because the record rebuts his allegations that he did not know it was his right to choose a jury trial. Specifically, the State points to (1) defendant's prior criminal history; (2) the court's frequent confirmations in open court that defendant wanted a bench trial, as well as the trial court's admonishment of defendant; and (3) defendant's written jury trial waiver. We disagree that these factors are fatal to his claim.

¶ 36    As to defendant's contact with the criminal justice system, a reviewing court may consider this history in determining whether a jury waiver was knowingly made. *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7 (citing *People v. Bannister*, 232 Ill. 2d 52, 71 (2008)). Here, the State notes defendant pled guilty to various crimes between 2001 and 2007 and asserts that he "presumably" signed a jury waiver each time. However, the cited portions of the record do not definitively establish that he had ever either chosen a bench trial or signed a jury trial waiver prior to signing the waiver in the present case.

¶ 37    Likewise, the trial court's numerous comments confirming defendant's election of a bench trial do not rebut the allegations in his affidavit that counsel essentially coerced him to accept this position by refusing to try the case before a jury. Although the State cites several cases in support of the general principle that a jury waiver is presumed valid if made by defense counsel in open court in the presence of a defendant who did not object, those cases do not indicate that the general

rule stands in the face of alleged coercion. See *People v. Medina*, 221 Ill. 2d 394, 406 (2006); *People v. Johnson*, 2019 IL App (1st) 162517, ¶¶ 14, 18.

¶ 38    It is true that, just before the bench trial commenced, the court *directly* asked defendant if he wanted a bench trial and had him explain his understanding of what a jury trial was. However, the court did not ask whether he was promised anything in exchange for waiving his right to a jury trial, whether the waiver was coerced, or about his relationship with Laws. See *Smith*, 326 Ill. App. 3d at 848-49. We do not suggest the court had a duty to make a broader inquiry. *People v. Dockery*, 296 Ill. App. 3d 271, 277 (1998) (noting "bare minimum" trial court must do to ascertain valid waiver is to "ask the defendant if he understands he is giving up his right to have a jury decide his case and if that is something he wants to do"). Nevertheless, nothing in the court's comments directly rebuts defendant's allegations that Laws made the statements at issue and that this conduct defeated the presumed voluntariness of the waiver.

¶ 39    Defendant's written waiver, executed the day of the bench trial, also does not rebut the allegations. A signed waiver lessens the probability that a waiver was not made knowingly. *Id.* But the written waiver here includes no information to dispel the allegation that the waiver itself was coerced. See *Smith*, 326 Ill. App. 3d at 848-49. In sum, while these various aspects of the record may cast doubt on whether, as defendant argues, he "did not know" he held the right to choose a jury trial, the affidavit describes "coercive" statements that are unrebutted by the record and that would not necessarily be negated by defendant's knowledge of his right.

¶ 40    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for second stage proceedings under the Act.

¶ 41    Reversed and remanded for second stage proceedings under the Act.