**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200362-U

Order filed November 7, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-20-0362 |
| v. | ) | Circuit No. 17-CF-534 |
| | ) | |
| MAURICE R. SHELBURN, | ) | Honorable |
| | ) | Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Hauptman and Peterson concurred with the judgment.

**ORDER**

¶ 1     *Held*:   Defendant knowingly and voluntarily waived his right to a jury trial.

¶ 2     Defendant, Maurice R. Shelburn, appeals his conviction of unlawful delivery of a

controlled substance, arguing that the Kankakee County circuit court erred in accepting his jury

waiver without ensuring that it was knowingly and voluntarily made. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4	On September 15, 2017, the State charged defendant with unlawful delivery of a controlled substance, a Class 2 felony (720 ILCS 570/401(d) (West 2016)). Initially, defendant requested to represent himself; however, he hired a private attorney in February 2018.

¶ 5	At his final pretrial appearance, counsel, in defendant's presence, submitted defendant's written jury waiver to the court. The waiver stated that "[defendant] hereby waive[s] a jury trial in the above entitled cause and consent[s] to trial before the court," and was signed by defendant. Defendant did not object to counsel's presentment of the waiver to the court. Upon receiving it, the court confirmed with defendant that he wished to waive his right to a jury trial:

> "THE COURT: Okay. [Defendant], you—you wish to give up your right to a jury trial, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. Show that [defendant] waives jury."

¶ 6	Two days after filing his jury waiver, defendant proceeded to a bench trial. The court found defendant guilty. His presentence investigation report established that defendant had five prior felony convictions and three prior misdemeanor convictions, which subjected him to Class X sentencing. The court sentenced him to six years' imprisonment. Defendant appeals.

¶ 7	II. ANALYSIS

¶ 8	Defendant's sole contention on appeal is that the circuit court failed to obtain a proper waiver of his constitutional right to a jury trial. Specifically, defendant argues that the court failed to adequately admonish him regarding his right to a jury trial or to otherwise ensure that his waiver of that right was knowingly and voluntarily made.

¶ 9	The State argues that defendant procedurally defaulted this issue because he failed to raise an objection at trial and in his posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186

2

(1988). While defendant does not directly respond to the State's forfeiture argument, he argues that the court's alleged jury waiver error deprived him of his fundamental right to a jury trial. This argument impliedly seeks review under the second prong of the plain error doctrine. See *People v. Bracey*, 213 Ill. 2d 265, 270 (2004) (where a defendant, as here, does not raise a jury waiver issue in the circuit court, we may consider the issue under the second prong of the plain error doctrine).

¶ 10 The first step in the plain error doctrine is to determine whether a "plain error" occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). "The word 'plain' here is synonymous with 'clear' and is the equivalent of 'obvious.' " *Id.* at 565 n.2. Under the second prong of the doctrine, a reviewing court will reverse a plain error where it was so serious that prejudice must be presumed. *People v. Herron*, 215 Ill. 2d 167, 185 (2005). Our supreme court has equated reversible second prong plain errors with structural errors which require reversal when the error "serves to 'erode the integrity of the judicial process and undermine the fairness of the defendant's trial.' " *People v. Glasper*, 234 Ill. 2d 173, 197-98 (2009) (quoting *Herron*, 215 Ill. 2d at 186).

¶ 11 A defendant's right to a jury trial is one that is guaranteed by the federal and state constitutions. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. A defendant may waive his right to a jury trial and elect to proceed by way of a bench trial if a waiver is made knowingly and voluntarily in open court. 725 ILCS 5/103-6 (West 2018). Section 115-1 of the Code of Criminal Procedure of 1963 states that a defendant who wishes to waive his right must do so in writing. *Id.* § 115-1. "[T]he existence of a written waiver supports a finding of a knowing waiver when accompanied by defense counsel's request for a bench trial made in open court and in the defendant's presence." *People v. Turner*, 375 Ill. App. 3d 1101, 1108 (2007).

¶ 12     Although the circuit court must ensure a defendant's jury waiver is knowingly made, there are no set admonitions required before such waiver becomes effective. *People v. Steiger*, 208 Ill. App. 3d 979, 981 (1991). Further, the court is not required to explain the ramifications of a jury waiver unless there is an indication defendant does not understand the right to a jury trial. *Id.* "The determination whether a jury waiver was made understandingly *** turns on the facts and circumstances of each particular case." *People v. Tooles*, 177 Ill. 2d 462, 469 (1997). We review *de novo* the question of whether a defendant's jury waiver was knowingly, voluntarily, and intelligently made. *Bracey*, 213 Ill. 2d at 270.

¶ 13     Here, defendant, through counsel, presented the circuit court with a written jury waiver signed by defendant. The jury waiver stated that defendant wished to waive a jury trial and proceed to a bench trial. See *People v. Rincon*, 387 Ill. App. 3d 708, 718 (2008) ("A valid waiver exists if there is an express statement by defense counsel in open court, in the defendant's presence, without objection from him or her, that the defendant opts to waive his jury trial right in favor of a bench trial."). Immediately after submitting the written waiver to the court, the court inquired of defendant whether he wanted to waive his right to a jury. Defendant responded on the record that it was his desire to waive his right to a jury trial. See *People v. Frey*, 103 Ill. 2d 327, 330 (1984) (upholding the validity of a jury waiver where defendant's counsel, in defendant's presence, advised the court that defendant elected to waive his right to a jury trial, and defendant made no objection to the assertion). This exchange demonstrated that defendant knowingly waived his right to a jury trial. While the court did not advise defendant of the implications of waiving his right to a jury trial, it was not required to do so where, as here, defendant demonstrated that he understood this right. *Steiger*, 208 Ill. App. 3d at 981. Because the record is devoid of any indication that defendant did not understand his right to a jury trial, the court was

4

not required to explain to defendant this right or provide any admonishments. Moreover, we note that defendant had multiple prior interactions with the justice system. See *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7 ("Reviewing courts may also consider a defendant's prior interactions with the justice system in determining whether a jury waiver was made knowingly."). Under the circumstances presented, we conclude defendant knowingly, understandingly, and voluntarily waived his right to a jury trial.

¶ 14     We acknowledge that a court is not constitutionally required to advise a defendant of his right to a jury trial or to provide an explanation regarding the ramifications of waiving that right and have grounded our decision in this case on that fact. However, we strongly encourage trial judges to participate in a discussion that ensures that every defendant fully understands this right before waiving it. See *Steiger*, 208 Ill. App. 3d at 981. Admonishments that a defendant is giving up the constitutional right to be tried by a jury of his peers and to participate in the selection of his jurors; that the waiver of the right is solely defendant's choice; and that the waiver means only the judge will hear the evidence and decide guilt or innocence avoids unnecessarily risking a defendant's entry of an involuntary or ill-informed jury waiver.

¶ 15                                III. CONCLUSION

¶ 16     The judgment of the circuit court of Kankakee County is affirmed.

¶ 17     Affirmed.